[Civ. No. 554.    Third Appellate District.—April 12, 1909.]

## WALLACE BUHRMEISTER, Respondent, v. AUGUST L. BUHRMEISTER, Appellant.

PARTITION—POSSESSION OF PLAINTIFF UNDER LEASE—DEFENDANT OUT OF POSSESSION—JUDGMENT DETERMINING RIGHTS.—An action for partition may be instituted in favor of a tenant in common owning a large share of the inheritance, notwithstanding he may be at the commencement of the action in possession under a lease which expired during suit, against the owner of the residue of the estate in common, notwithstanding he was out of possession when the action was commenced, when the judgment determines the rights of the parties, as though each were in possession.

ID.—RIGHTS OF ALL PARTIES TO BE DETERMINED IN PARTITION.—Under section 759 of the Code of Civil Procedure, the rights of all parties plaintiff and defendant may be put in issue, and tried and determined as fully and completely in an action for partition as such questions could be adjudicated in an action of ejectment.

ID.—DEFENDANT OUT OF POSSESSION NOT PREJUDICED BY JUDGMENT.— The fact that the defendant was out of the possession is no objection to the maintenance of the action for partition. It cannot prejudice the defendant that partition should be granted to him while out of possession, nor can he be aggrieved by the judgment in his favor on the ground that he obtained what he owns prematurely.

ID.—RIGHT OF POSSESSION OF BOTH PARTIES—WAIVER OF EXCLUSIVE POSSESSION BY BRINGING ACTION.—If it be held that both parties must be entitled to the possession at the time of bringing the action, it should be held that by instituting the proceeding the plaintiff waives his right to the exclusive possession under the lease, and that both parties are relegated to their claims under the partition decree.

ID.—INSISTENCE UPON EXCLUSIVE POSSESSION—PARTITION SUBJECT TO LEASE.—If plaintiff had insisted upon his exclusive possession until the expiration of the lease, there would seem to be no difficulty, under section 759 of the Code of Civil Procedure, in the way of a partition subject to such temporary possession. No sound reason exists why there should not be a partition of the inheritance subject to an existing lease.

ID.—ACTION PREMATURELY BROUGHT—RIGHT OF POSSESSION OF BOTH PARTIES AT TRIAL.—Even if the action be considered as prematurely brought while the lease continued, yet as the lease had expired, and both parties were entitled to possession at the time of trial, and there is no contention that the judgment is unjust and not warranted by the facts existing when it was rendered, the expense of a new trial will not be countenanced to obtain the same result.

ID.—PARTITION NOT MAINTAINABLE—RETENTION OF PROCEEDING TO SETTLE DISPUTE AS TO TITLE.—Even if the action for partition cannot be maintained, or the relief prayed for be granted, because of disseisin or dispute as to the title, the court may retain the action pending proceedings for settlement of the legal title.

APPEAL from an interlocutory judgment in partition in the Superior Court of Solano County.   L. G. Harrier, Judge.

The facts are stated in the opinion of the court.

Paul C. Harlan, for Appellant.

Geo. A. Lamont, for Respondent.

BURNETT, J.—The action was for partition, and the appeal is from the interlocutory judgment.

The only point urged by appellant is that the action was prematurely brought. On February 18, 1903, H. G. Buhrmeister died testate, devising in equal shares the property sought to be partitioned to his six children, including appellant and respondent. By the terms of the will, as stated by appellant, plaintiff was given the use and occupation, rents, issues and profits of said property for five years immediately after the death of the testator at the annual rental of $300, $60 to be paid to each of the other five devisees annually by said plaintiff. These other devisees were directed by the testator, in his will, to execute to respondent a lease of the real property for the terms and upon the conditions already named. The said property was distributed to the six children in accordance with the terms of the will "at the expiration of the term of five years from the eighteenth day of February, 1903, or sooner determination of the right to the use thereof above vested in Wallace Buhrmeister." Plaintiff was in possession under said leasehold right until February 18, 1908, and during the years 1905 and 1907 he bought the interest in the property of all the other devisees except that of appellant. The suit was begun November 27, 1907, nearly three months before the expiration of said leasehold interest, but it was not tried until some time after said lease had expired.

The facts are, then, that at the beginning of the action plaintiff was the owner of "an estate of inheritance," to wit, the fee in and to an undivided five-sixths of the property in controversy, and was in possession of the whole thereof by virtue of said lease, and the defendant was the owner in fee of the other one-sixth, but was not entitled to its possession until February 18, 1908. It is therefore argued that since one of the parties was not entitled to the possession at the time the complaint was filed, the case is not one in which "the cotenants hold and are in possession" of real estate, and consequently not within the contemplation of the statute which provides that "when several cotenants hold and are in possession of real property as parceners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may

be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appear that a partition cannot be made without great prejudice to the owners.'' (Code Civ. Proc., sec. 752.)

But appellant has misconceived the scope of this proceeding under our statute. The operation of the action of partition as known at the common law has been greatly enlarged. In fact, it is more comprehensive here than in many of the other jurisdictions. The earlier cases in this state are reviewed in *Martin* v. *Walker*, 58 Cal. 590, wherein it is said: ''The case, therefore, presents but one question on this appeal, and that is, Can a tenant in common, who has never been in the occupancy of the land, maintain a suit in partition against a cotenant, whose possession is adverse and hostile? It is claimed, on behalf of the respondents, that he cannot; that the proper remedy is by ejectment, and that until the possession has been recovered in that form of action, he is not in a position to bring partition. In support of this view of the law, section 752, Code of Civil Procedure, is relied upon. . . . The terms of the above section, to the effect that 'when several cotenants hold and are in possession,' the action may be brought, give strong countenance to the doctrine advanced by the respondents, and there is no doubt that such is the doctrine laid down in other states of the Union, under statutes more or less similar to ours. But a different rule has been adopted in this state, and that rule has been too long established for us to depart from it, even if it did not receive our full sanction and support. But the rule would seem to be supported by section 759 of the same code: 'The rights of the several parties, plaintiff as well as defendant, may be put in issue, tried and determined in such action.' This provision of the code, it seems to us, gives the court in which the partition suit is brought full power and authority to try and determine in that proceeding all questions relating to the title as fully and completely as such questions could be adjudicated in an action of ejectment.''

In *Watson* v. *Sutro*, 86 Cal. 500, [24 Pac. 172, 25 Pac. 64], it was held that an action for partition may be maintained by the owner of an equitable title. ''As legal and equitable remedies may be had in the same case, the owner of the equi-

table title to an undivided interest in land may sue to establish his right, and to obtain a partition of the common estate.''

It follows from the foregoing that it is no objection to the maintenance of the action that one of the parties here was not in possession. Indeed, it would seem to be a favor to the defendant that partition should be granted him while he is out of possession of the entire estate. The result is that he is awarded the portion to which he is entitled as though he were in possession, and his only real ground of complaint is that he obtains what he owns sooner than he should. His generous desire to postpone the enjoyment of his property, however commendable, really shows that he is not aggrieved by the judgment.

Again, if it must appear that both parties are at least *entitled* to the possession at the time of the bringing of the action, it should be held that by instituting the proceeding the plaintiff waives his right to the exclusive possession under the lease and thereby both parties are relegated to their claim under the decree of distribution.

But if plaintiff had insisted upon his exclusive possession until the expiration of said lease, under said section 759, Code of Civil Procedure, there would seem to be no difficulty in the way of a partition subject to said temporary possession. It has indeed been held in New Hampshire, *Hunt* v. *Hazleton,* 5 N. H. 216, [20 Am. Dec. 575], ''that no sound reason exists why there should not be a partition of the inheritance, notwithstanding one of the respondents had a subsisting lease of the petitioner's share for years.''

Even if there were merit in appellant's claim that the action was prematurely brought, no good purpose could be subserved by requiring a new proceeding to be brought to reach the same conclusion under the same conditions as existed at the time of the trial. There is no contention that the judgment is unjust or that it was not warranted by the facts as they existed at the time it was rendered, and it would be unreasonable to countenance the expense of a new trial that must lead to the same result as we have before us.

Even where it has been held that the proceeding for partition cannot be maintained, or the relief prayed for granted, because of the disseisin of the petitioner, or because of a dispute in the title, it has been determined that the court may

retain the action pending proceedings for the settlement of the legal title. (*Chapin* v. *Sears*, 18 Fed. 814; *London* v. *Owerby*, 40 Ark. 156.)

We think there is no merit in the appeal, and the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.