THOMAS WHELAN & another *vs.* EXCHANGE TRUST COMPANY & others.

Suffolk.   December 5, 1912. — February 27, 1913.

Present: HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Mechanic's Lien.   Mortgage,* Of real estate.   *Equity Pleading and Practice,* Costs.

Under R. L. c. 197, § 5, a mortgage of real estate for an amount named, which was made and recorded before the date of a contract under which a mechanic's lien is claimed, has priority over such lien to the full amount of such mortgage, if the mortgage was given to secure the successive advances that the mortgagee was bound to make under a construction loan contract with the mortgagor; and in such a case it is immaterial that only a very small portion of the money had been advanced when the mechanic claiming the lien made his contract with the owner and that before the whole of the amount of the construction loan had been advanced the mortgagee had received notice of the claim of lien.

In a suit in equity in which the plaintiff seeks unsuccessfully to establish the priority of a mechanic's lien against a certain mortgage, where the mortgagee and two successive assignees of the mortgage are made defendants and the different defendants have filed separate answers, there being only one subject of controversy, it is proper, in making a decree dismissing the bill and awarding costs to the defendants, that only one bill of costs instead of three should be taxed against the plaintiff.

BILL IN EQUITY, filed in the Superior Court on May 9, 1912, alleging that the plaintiffs had established mechanics' liens on certain land and a building thereon in that part of Quincy called Wollaston, amounting to $1,851.33; that the defendant Exchange Trust Company took a construction loan mortgage on the land for the ostensible sum of $6,000 dated March 29, 1911, and recorded in the Norfolk registry of deeds, that the contracts on which the plaintiffs' liens were established were made early in April, 1911, and that when such contracts were made only a very small amount of money had been advanced on the construction loan

secured by the mortgage; that the defendant trust company with reasonable care might have known and did in fact know that the claims of the plaintiffs were not being paid, and negligently and improperly allowed the mortgagor and owner of the building to receive money advanced on the mortgage subsequently to the time that the plaintiffs' liens attached without providing for the payment of such liens or without seeing that the money so advanced was used in any manner in the construction of the building; and that the mortgage, after maturity, had been assigned by the defendant trust company to the defendant Brown and by the defendant Brown to the defendant Conant. The prayers of the bill were that the defendant trust company might be ordered to account; that the priorities of the parties might be determined; that the foreclosure of the mortgage might be enjoined; that the property might be sold under an order of the court and the proceeds distributed in accordance with its decree; and for further relief.

The case was heard by *Pierce*, J., who found "that the mortgagee at the time of the execution of the mortgage had bound itself to furnish money to the extent named in the mortgage, and that whether it should or should not do so was not as a matter of law dependent upon the will, whim or caprice of the mortgagee." He also found "upon the facts in this case that the mortgage was an actual existing mortgage as and from its date, became such, and was duly recorded, prior to the date of the contract under which the liens are claimed."

In accordance with an order of the judge a final decree was entered that the bill be dismissed, and that against the plaintiffs the defendant trust company recover costs in the sum of $17.96, and the defendant Brown and the defendant Conant each recover costs in the sum of $13.16. The plaintiffs appealed, and the evidence was reported by a commissioner appointed under Equity Rule 35.

*W. P. Thompson*, for the plaintiffs.

*H. T. Lummus*, (*G. W. Tibbetts* with him,) for the Exchange Trust Company.

*R. Lakin*, for the defendants Brown and Conant.

BRALEY, J. The liens of the plaintiffs for labor have been established as of a date subsequent to the recorded mortgage given

by Albertie W. Soutter, the owner of the premises, to the defendant trust company, and, after maturity, assigned by it to the defendant Brown and by him to the defendant Conant. A decree, establishing the liens as the superior incumbrance, is asked for by the bill.

Upon its face the mortgage purports to be security for the payment of the promissory note of the mortgagor for $6,000. But the parol evidence leaves no doubt, and the judge rightly assumed, that the actual consideration was for moneys to be advanced from time to time by the mortgagee in payment for a building to be erected upon the land. *Hall* v. *Tay*, 131 Mass. 192, 194. The question of priority under R. L. c. 197, § 5, depends primarily upon the inquiry, whether as the process of construction proceeded advancements to the amount named were obligatory or optional with the mortgagee. *Gerrity* v. *Wareham Savings Bank*, 202 Mass. 214. *Gray* v. *McClellan*, *ante*, 92. It is uncontroverted that, after deducting interest on the full amount, the remainder was credited on the books to the "A. W. Soutter Building Account," upon which, as the value of the property was increased by the construction of the building, the mortgagor was permitted to draw and to transfer the amounts so drawn to her own private account kept with the defendant company. The defendant company having been absolutely obligated to pay the loan named in the mortgage, it is immaterial that only a very small portion had been thus transferred before the plaintiffs began work, or that before the entire amount had been disbursed the company received notice of the liens. *Gray* v. *McClellan*, *ante*, 92.

But, if by force of the statute the liens must yield to the mortgage, the plaintiffs ask that only one bill of costs be taxed. The subject of controversy as to each defendant is the same and even if the defendants severed in their answers, the plaintiffs ought not to be trebly mulcted. R. L. c. 203, § 14. *Clark* v. *Reed*, 11 Pick. 446. *Pratt* v. *Bacon*, 11 Pick. 494. *Miller* v. *Lincoln*, 6 Gray, 556.

The decree dismissing the bill when thus modified is affirmed, with costs of the appeal.

*Ordered accordingly.*