(July 10, 1925.)

WEISER LOAN & TRUST COMPANY, a Corporation, Appellant, v. BELLE COMERFORD, Individually and as Administratrix of the Estate of S. C. COMERFORD, Deceased, Respondent; UNITED STATES FIDELITY & GUARANTY COMPANY, Intervenor and Respondent.

[238 Pac. 515.]

MORTGAGES—FUTURE ADVANCES—COMMUNITY PROPERTY—EXTENSION OF MORTGAGE—FORECLOSURE AGAINST ESTATE OF DECEDENT.

1. Where a mortgage is given to secure the payment of a note for a specified sum, it will be security for future advances to the amount specified if such is the agreement of the parties.

Publisher's Note.
1. Mortgages to secure future advances, see notes in 20 Am. Dec. 658; 116 Am. Dec. 690; Ann. Cas. 1913C, 552.

2. Where the parties so intend, a mortgage conditioned for the payment of a specified sum may be shown to be a continuing security for the payment of a floating balance of indebtedness under future advances, not exceeding the sum specified.

3. Where a mortgage on community property is executed by husband and wife to secure a specified sum due at a time certain, it cannot be shown that by virtue of an agreement between the husband and the mortgagee, of which the wife had no knowledge, it was intended to secure future advances made payable on demand and prior to the maturity of the mortgage according to its terms.

4. An agreement, made contemporaneously with the execution of a mortgage, that the mortgage shall operate as a continuing security for a floating balance of indebtedness upon future advances, not exceeding the amount specified in the mortgage, is not an extension of the mortgage within the meaning of C. S., sec. 6356.

5. Where a claim of lien under a mortgage is presented to the administrator of an estate and rejected by him, the mortgagee may bring action to foreclose without waiving recourse against other property of the estate for any deficiency, if his action is seasonably commenced.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action for foreclosure of real estate and chattel mortgages. Judgment for respondent Comerford. *Affirmed* in part and *reversed* in part.

Frank D. Ryan and Oppenheim & Lampert, for Appellant.

A mortgage to secure future advances is valid. (1 Jones on Mortgages, secs. 364, 367 and 373; C. S., sec. 6347.)

A mortgage securing future advances, although its purpose does not appear upon its face, is good if the amount of the advances is within the sum named as the amount secured. (1 Jones on Mortgages, secs. 367, 375; *Tully v. Harloe*, 35 Cal. 302, 95 Am. Dec. 102; 5 R. C. L. 420 et seq.; *DuBois v. First Nat. Bank*, 43 Colo. 400, 96 Pac. 169; *Shirras v. Craig*, 7 Cranch (U. S.), 34, 3 L. ed. 260; *D'Oyly v. Capp*, 99 Cal. 153, 33 Pac. 736; *Tapia v. Demartini*, 77 Cal. 383, 11 Am. St. 288, Ann. Cas. 1913C, 560 et seq., 19 Pac. 641.

An agreement, contemporaneous with a mortgage, that the said mortgage shall secure future advances, is not an extension of said mortgage within the meaning of C. S., sec. 6356. (*London & San Francisco Bank v. Bandmann,* 120 Cal. 220, 65 Am. St. 179, 52 Pac. 583; 1 Jones on Mortgages, sec. 375.)

Davidson & Davison and C. C. Cavanah, for Respondents.

The lien of a mortgage cannot be extended to secure a debt not named in the mortgage, except by writing, acknowledged as required in the conveyance of real property. (C. S., sec. 6356; *Moulton v. Williams,* 6 Ida. 424, 55 Pac. 1019; *London & San Francisco Bank v. Bandmann,* 120 Cal. 220, 65 Am. Dec. 179, 52 Pac. 583; *Bank of Woodland v. Duncan,* 117 Cal. 412, 49 Pac. 414; *Eikelman v. Purdue,* 140 Cal. 687, 74 Pac. 291; *Porter v. Muller,* 53 Cal. 677; *Willows v. Rosenstein,* 5 Ida. 305, 48 Pac. 1067.)

Community real estate cannot be held for debt on mortgage where the wife did not join in the execution and acknowledgment of the instrument creating the encumbrance, and if the debt is other than that mentioned in the mortgage, then the contract extending the mortgage to secure such other debt must be signed and acknowledged by both husband and wife. (C. S., sec. 4666; *Witts-Keets-Poo v. Rowton,* 28 Ida. 193, 152 Pac. 1064; *Childs v. Reed,* 34 Ida. 450, 202 Pac. 685; *Fargo v. Bennett,* 35 Ida. 359; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Dunn v. Buckley,* 56 Wis. 190, 14 N. W. 67; *Barber v. Babel,* 36 Cal. 11; *Thompson v. Pickle,* 20 Iowa, 490; *Campbell v. Babcock,* 27 Wis. 512; Smyth on Homesteads, sec. 371; *Mantle v. Dabney,* 44 Wash. 193, 87 Pac. 122.)

Plaintiff must waive all recourse against any other property of the estate when he seeks to foreclose its mortgage. (C. S., sec. 7588; *First Nat. Bank of Hailey v. Glenn,* 10 Ida. 224, 109 Am. St. 204, 77 Pac. 623; *Kendrick State Bank v. Barnum,* 31 Ida. 562, 173 Pac. 1144, 2 A. L. R. 1129; *Idaho Trust Co. v. Miller,* 16 Ida. 308, 102 Pac. 360; Const. of Idaho, art. 5, sec. 21.)

BRINCK, District Judge.—Plaintiff brought this action to foreclose two mortgages, one upon real property and one upon chattels, each given to secure the payment of the same note for the principal sum of $15,000 dated May 20, 1922, and due two years after date; the note and the real estate mortgage being signed by S. C. Comerford and wife, Belle Comerford, and the chattel mortgage being signed by S. C. Comerford alone. S. C. Comerford having died on November 25, 1922, the action is brought against the surviving wife as administratrix of his estate. The complaint contains two causes of action, the first being upon the real estate mortgage, the second upon the chattel mortgage. The facts were stipulated. Judgment was rendered against the plaintiff on each cause of action, adjudging that plaintiff had no lien under either mortgage on the property described in them. Plaintiff appeals from the judgment.

The complaint alleges, and the stipulation of facts shows, that on the day of the execution of the note and mortgages, the deceased entered into a written agreement with plaintiff, which, after reciting that deceased was then indebted to plaintiff and would thereafter be borrowing from plaintiff varying amounts on short time notes, and incurring other obligations to it, and that deceased desired to keep plaintiff secured, provided that the amount due on the note for $15,000 should be the sum which deceased was then owing to plaintiff or might thereafter become obligated to pay, whether by renewal notes or new loans; and that if at any time prior to the release or satisfaction of the mortgages any indebtedness due plaintiff from deceased were not paid when due, then plaintiff might declare all of the indebtedness owing from deceased immediately due, and that such sums then due or declared due, not exceeding the amount due on said mortgages, should constitute the amount due on the note secured by the mortgages, and that plaintiff might foreclose for such amount.

This agreement, which we will refer to as exhibit 2, was duly executed by plaintiff and deceased, but not by the wife of deceased; it was not acknowledged by either party.

At the time these instruments were executed, deceased was indebted to plaintiff in the sum of $6,000; and thereafter, during his lifetime, he received from plaintiff additional advances aggregating $34,500, executing to plaintiff for each advance a separate note, due on demand, for the amount thereof, and he made payments to plaintiff during that time aggregating $26,500, receiving back his canceled notes for the amounts so paid plaintiff; so that at the time of his death he was owing plaintiff $14,000, represented by five separate notes, dated at various times from June 5, 1922, to August 28, 1922, inclusive. This indebtedness of $14,000 represented by the five notes mentioned is the indebtedness upon which plaintiff seeks foreclosure of the mortgages.

After the mortgages were made, and prior to the advance represented by the note of June 5th, deceased had received from plaintiff at various times, in addition to the $6,000 indebtedness existing on May 20, 1922, advances aggregating $19,000, and had repaid $8,000; so that on June 5, 1922, when he received the advance represented by the note of that date, he was already owing plaintiff a balance of $17,000.

The $15,000 note was never entered in the books of the bank, but the various advances and the notes given therefor, and the amounts repaid, were so entered.

The real estate mortgaged was community property. It is shown by the stipulation that Mrs. Comerford had no knowledge of the agreement, exhibit 2; that deceased was a general contractor, doing business on a large scale, and seldom informed her as to the details of his business; that she was accustomed to sign whatever documents her husband presented to her without any personal investigation, and had no information or knowledge with respect to the $15,000 note and the real estate mortgage and the consideration therefor, other than was contained in the note and mortgage themselves.

The defense to the cause of action upon the real estate mortgage is based upon the theory that because the wife must sign and acknowledge a mortgage of community real estate, and because she was not a party to the agreement for future

advances, the real estate mortgage was without consideration save as to the $6,000 indebtedness existing at the time the mortgage was executed; and that said $6,000 having been repaid, the mortgage was satisfied and discharged. The defense to the cause of action upon the chattel mortgage is upon the theory that prior to the making of any of the specific advances which are still unpaid, deceased had received moneys under exhibit 2 aggregating the full amount of $15,000 specified in the mortgage; that further advances were in excess of the debt limit designated in the mortgage, and were not secured thereby, and that the first $15,000 received under exhibit 2 having been repaid, the mortgage is satisfied and discharged.

. The further contention is made by respondent upon this appeal that the agreement, exhibit 2, constituted an extension of the mortgages to secure a debt not named therein and that it was invalid because not both in writing and acknowledged, under C. S., sec. 6356, which provides that a mortgage can be created, renewed or extended only by writing executed with the formalities required in the case of a grant of real property; and that as to the real estate mortgage, it was under that statute invalid, because not executed and acknowledged by both deceased and his wife as is required for encumbering community real estate under C. S., sec. 4666.

The rule is well settled that it is not necessary that a mortgage express on its face that it is given to secure future advances; it may describe as the debt secured a specific sum, leaving the true nature of the transaction to be shown by parol proof, and it will then be security for a debt including future advances, to the amount named, if such is the agreement of the parties. (1 Jones on Mortgages, 7th ed., sec. 374; Jones, Chattel Mortgages, 4th ed., sec. 96; *DuBois v. First Nat. Bank,* 43 Colo. 400, 96 Pac. 169; *Westheimer v. Goodkind,* 24 Mont. 90, 60 Pac. 813; *Shirras v. Craig,* 7 Cranch (U. S.), 34, 3 L. ed. 260; *Hendrix v. Gore,* 8 Or. 406; *Tully v. Harloe,* 35 Cal. 302.) Nor is the lien of the mortgage in such case necessarily limited to the first ad-

41 Idaho—12

vances equaling the sum specified. Where the parties so intend, a mortgage conditioned for the payment of future advances, in an amount specified, has been held to cover the balance, not exceeding the sum specified, remaining unpaid of a total amount of advances larger than the sum named in the mortgage (*Lawrence v. Tucker*, 23 How. 14, 16 L. ed. 474; *In re York*, Fed. Cas. No. 18,138, 3 N. B. R. 661; *Courier Journal Job Printing Co. v. Shaffer Meyer Brew. Co.*, 101 Fed. 699, 41 C. C. A. 614); and where the parties so intend, a mortgage for a specified sum, not expressed to consist of future advances, is thus a continuing security for a floating balance of indebtedness up to the specified amount, even though the total advances may have exceeded that amount and been in part repaid. (*Bank of Utica v. Finch*, 3 Barb. Ch. 293; note, Ann. Cas. 1913C, 564.)

The plain intent of exhibit 2 was that the mortgages should remain as a lien to secure the floating balance of indebtedness from deceased to plaintiff up to the sum of $5,000; and as to the chattels, which deceased was competent to encumber without joinder of his wife, it not being contended that any of them were exempt from execution, the contract operated with the chattel mortgage to create a valid lien upon the property described in the chattel mortgage for the indebtedness now sued upon, under the authorities above cited. The agreement was not that a larger sum should be secured than that named in the mortgage, nor was it an agreement subsequent to the execution of the mortgage attempting to extend the lien to debts not originally intended, as was the case in *Willows v. Rosenstein*, 5 Ida. 305, 48 Pac. 1067, relied on by respondent; and it was not an extension of the mortgage within the meaning of C. S., sec. 6356.

But to the real estate mortgage the wife of deceased was a necessary party under C. S., sec. 4666, providing that the husband cannot encumber community real estate unless the wife join with him in executing and acknowledging the instrument or conveyance by which it is encumbered. The only contract that she made contemplated an indebtedness

due in two years from the date of the mortgage. None of the advances were so made, but were made upon demand notes. Not being made in accordance with the terms of the debt she authorized, nor in accordance with any agreement to which she was a party, or in which she acquiesced, the debts which were created by the husband are not secured by the real estate mortgage. We hold, therefore, that the real estate mortgage was not a lien for the indebtedness owing at the death of the deceased, but that the chattel mortgage is a valid lien upon the property therein described, for the amount named in the complaint.

The respondent contends, however, that this action cannot be maintained against the administratrix, because the plaintiff did not in its complaint waive recourse against the other property of the estate; while appellant contends that such waiver is not required, it having presented the claim to the administratrix prior to suit. It is alleged in the complaint that the claim was presented to the administratrix prior to the bringing of the action. The stipulation of facts does not show that the claim of lien under the mortgage was presented as provided by C. S., sec. 7585, or that it was rejected, but it is admitted in respondent's brief that the claim was presented and rejected. C. S., sec. 7588, precludes the bringing of an action to foreclose a mortgage against the estate of a decedent without waiving recourse against the other property of the estate, unless the claim has been presented to the administrator. This court has held that if the claim has been presented to and allowed by the administrator, and the holder still desires to bring an action to foreclose, he must waive recourse against the other assets of the estate. (*First Nat. Bank of Hailey v. Glenn,* 10 Ida. 224, 109 Am. St. 204, 77 Pac. 623.) Neither the statute nor the decision referred to, however, require waiver of recourse against the other assets of the estate when a claim upon a mortgage has been presented and rejected, and it seems to be the plain meaning of our statute that if the claim is presented and rejected, foreclosure can be had without waiving the right to a deficiency. Such procedure has been permitted

in California under Cal. C. C. P., sec. 1500, which is similar to our C. S., sec. 7588. (*Westbay v. Gray*, 116 Cal. 660, 48 Pac. 800.) In rejecting a claim secured by mortgage, the administrator is but exercising the same right the deceased had in his lifetime, that of requiring the mortgagee to resort first to the security; but he cannot under the statute, by rejecting the claim of lien, compel the mortgagee to forego his right to a deficiency if his action is seasonably commenced. If, however, the claim is allowed by the administrator, and the mortgagee then chooses to interfere with the due course of administration by proceeding to foreclose, it is but just that in such case he forego his right to a deficiency, as required by the rule stated in *First Nat. Bank of Hailey v. Glenn, supra.*

The claim having been presented to the administratrix and rejected, the appellant was entitled to bring his action to foreclose without waiving recourse against the other assets of the estate, and if in such foreclosure the property is not sufficient to pay the debt, a deficiency judgment should be entered against the administratrix to be paid in the due course of administration.

The judgment is therefore affirmed as to the first cause of action, but as to the second cause of action is reversed and remanded for further proceedings in accordance herewith; each party to bear its own costs upon this appeal.

William A. Lee, C. J., Wm. E. Lee and Taylor, JJ., concur.