(No. 4979. April 17, 1929.)

BOISE PAYETTE LUMBER COMPANY, a Corporation, Appellant, v. CHARLES WINWARD, FLORENCE WINWARD, His Wife, HOME TRUST AND SAVINGS COMPANY, a Corporation, and HARVEY BALL, Sole Trader as BALL ELECTRIC COMPANY, Defendants.

JULIUS FRANKEL, Plaintiff in Intervention, v. FLORENCE WINWARD and CHARLES WINWARD, Her Husband, BOISE PAYETTE LUMBER COMPANY, a Corporation, HARVEY BALL, Doing Business as BALL ELECTRIC COMPANY, COMMERCIAL STATE BANK, a Corporation, and J. G. FRALICK, Commissioner of Finance of the State of Idaho, Defendants in Intervention and Respondents.

[276 Pac. 971.]

Bothwell & Chapman, for Appellant.

S. T. Lowe, for Respondents.

BRINCK, District Judge.—On October 1, 1919, Charles Winward and Florence Winward, husband and wife, executed to the Home Trust & Savings Company their mortgage upon certain real estate to secure the payment of their note to said mortgagee in the sum of $7,000. The court found that said note and mortgage were executed for the purpose of paying off a former mortgage owed by the mortgagors to the mortgagee upon which there was owing about $4,000, and that the remainder of said $7,000 was to be used in the improvement of the real estate mortgaged; and further found that the portion of the $7,000 not applied to payment of the former mortgage was by the mortgagee paid for work done or materials furnished in the construction of a building upon the mortgaged premises, except as to about $300 thereof which was applied to interest becoming due on the $7,000 mortgage; that after the new mortgage was recorded, and before the mortgagee had paid out the balance remaining in its hands for the construction of the building in question, the plaintiff, Boise Payette Lumber Company, had commenced furnishing to the Winwards materials for said building, which materials it continued to furnish until after the mortgagee had expended the said balance remaining in its hands of the mortgage proceeds; that the plaintiff knew of the existence of the mortgage when it began to furnish material, and was advised by the Winwards of the portion of the proceeds of the mortgage which was to be used in the construction of the building; and that plaintiff did not notify the mortgagee that they were furnishing materials, nor was the mortgagee advised that the Winwards were purchasing materials from plaintiff.

The plaintiff duly filed for record a claim of lien for the materials furnished by it, and brings this action to foreclose the lien, making defendants the said mortgagors and mortgagee, and claiming priority as against any claims of the mortgagee. One Frankel, the assignee of the mortgage, intervened and by cross-complaint set up the $7,000 note and mortgage, asked foreclosure thereof, and priority as against

plaintiff's lien. The Home Trust & Savings Company also by cross-complaint sought the foreclosure of a mortgage for $700 that had been given it to secure a note of like amount concurrently with the execution of the $7,000 mortgage.

The trial court awarded foreclosure of both mortgages and of plaintiff's lien, but gave priority first to the mortgage for $7,000, second to the mortgage for $700, and third to the plaintiff's claim. On this appeal from the judgment, the plaintiff assigns as error the granting of said priorities to said mortgagees, but makes no point as against the $700 mortgage, and claims priority over the $7,000 mortgage only as to the balance of about $3,000 left in the mortgagee's hands after payment of the previous mortgage debt.

The only question involved is whether the Home Trust & Savings Bank became obligated by the transaction of October 1, 1919, to make the future advances which it made under the note and mortgage, or whether, as appellant contends the case to be, such future advancements were merely optional with the mortgagee. Appellant concedes the rule of law to be as quoted in its brief from *W. P. Fuller & Co. v. McClure,* 48 Cal. App. 185, 191 Pac. 1027:

"A mortgage given to secure future advances has priority over mechanics' liens, subsequently arising to the extent of the full amount advanced, including what is advanced after, as well as before, the accrual of mechanics' liens where the making of such advances was obligatory upon the mortgagee under the terms of his contract with the mortgagor. But as to mere voluntary advances, made after the mechanic's lien accrued, and notice thereof, the mortgage is postponed."

We think it cannot be questioned, under the contract as found by the trial court, which finding is not attacked by appellant, that the mortgagee's obligation was to advance the balance of the funds represented by the mortgage note upon compliance by the mortgagors with the conditions of the agreement, viz., the improvement of the premises. The premises were improved and the mortgagee became bound by virtue of the original agreement to advance the specified sum to pay therefor. There is nothing in the evidence or

findings to indicate that the mortgagee could have refused to pay over the funds in its hands when the mortgagors complied with the condition upon which it was to be advanced; and the advances so made were protected by the mortgage and constituted a lien prior to that of plaintiff's. (*Creigh Sons & Co. v. Jones,* 103 Neb. 706, 173 N. W. 687; *Gerrity v. Wareham Savings Bank,* 202 Mass. 214, 88 N. E. 1084; 1 Jones on Mortgages, 8th ed., sec. 454; note, 5 A. L. R. 398.)

The judgment is affirmed. Costs to respondents.

Budge, C. J., and Givens and Wm. E. Lee, JJ., concur.