390 P.2d 63

**John H. STOUT, doing business under the firm name and style of Kimberly Drive-In, Plaintiff-Appellant,**

**v.**

**BOISE CASCADE CORPORATION, a Delaware Corporation, Defendant-Respondent.**

**No. 9128.**

Supreme Court of Idaho.

March 5, 1964.

Blandford & Blandford, Kimberly, T. H. Church, Burley, for appellant.

Richards, Haga & Eberle, Boise, for respondent.

McQUADE, Justice.

Plaintiff-appellant was the owner of certain premises in Kimberly, Idaho, on which he operated a grocery store business. On or about August 1, 1957, he decided to remodel and enlarge his grocery store. Appellant subsequently met with respondent's manager in order to discuss the proposed remodeling. During these negotiations, an instrument was drawn by respondent's manager. The original instrument was never introduced into evidence, however, as it was presumably lost.

Some time in September of 1957, the respondent's manager prepared a second

instrument which was introduced into evidence as plaintiff's exhibit A. Respondent did not execute the instrument and an unexecuted copy was delivered to the appellant. Appellant signed the copy submitted to him and retained the same; however, respondent's manager never submitted the original thereof to appellant for signature. Pertinent portions of the instrument are herein set out as follows:

"We propose to do following—Re modle and addition to the Kimberly Drive In in Kimberly—Owner John Stout.

\*  \*  \*  \*  \*  \*

"When actual construction starts Builder (carpenter) will furnish all labor and be responsible for same for a partion of this price and We, Boise Payette Lumber, furnishes Material for the Balance.

"The combined Total is   $10,865.00"

Stapled to the instrument was a standard form upon which respondent's manager had written the following:

"Kimberly Drive In

Attatched is an aggrement to sorta outline what we intend to do.

Insurance men or lenders may want to see it

Don Harney"

The significance of exhibit A is in dispute. Appellant insists that it is a written agreement by the terms of which respondent contracted to perform all labor and furnish all materials necessary to move and remodel appellant's grocery store for the agreed price of $10,865.00. Respondent contends that it is too uncertain and incomplete to constitute a contract; that it was only an estimate prepared for the sole purpose of helping appellant secure a loan; that respondent did not act in the capacity of a contractor but only as a materialman and supplier.

Construction commenced near the middle of September, 1957. Appellant was billed on a time and materials basis monthly for the materials delivered and the wages paid by respondent on behalf of the appellant. On or about the 15th of December, 1957, appellant paid $3500. On the second of January, 1958, respondent informed appellant that its job was finished and presented to appellant a statement for $7,295.83. Appellant paid the above sum under protest on January 10th. Respondent apparently ceased performance on December 31, 1957.

In his complaint, appellant alleged that respondent had failed to complete the remodeling and construction and that the portion that was performed was done in a negligent, careless and deficient manner. Respondent contended that it was working only on a time and materials basis and that it had never contracted to supply all the materials and furnish all the labor to be

used in the construction and remodeling of appellant's grocery store. In its answer, respondent alleged that if there were any defects in appellant's grocery store they were caused by the negligence of the appellant himself.

The trial court ordered that appellant take nothing by his complaint and that the respondent be awarded costs in the sum of $14.95. Appellant takes his appeal from this judgment and the amended findings of fact and conclusions of law entered in this cause.

In his brief, appellant lists thirteen assignments of error. However, only three questions are presented by this appeal; all three are questions of fact.

■ The first question is concerned with the trial court's finding that appellant did not suffer any damage because of the alleged defects in materials and the alleged negligence of the respondent. This is obviously a factual matter. Respondent produced substantial, competent evidence in the trial of this case to the effect that it had not supplied defective materials; that it had not been negligent; and that if appellant had been damaged it was due to his own negligence. The finding of the trial court on this matter will not be disturbed on appeal. Knoblock v. Arenguena, 85 Idaho 503, 380 P.2d 898 (1963), C. R. Crowley, Inc. v. Soelberg, 81 Idaho 480, 346 P.2d 1063 (1959).

■ Appellant next contends that he and the respondent entered into an oral agreement whereby the respondent was to supply all of the labor and materials to be used in the remodeling and construction of his grocery store for the agreed price of $10,-865.00. As we recently pointed out in Dawson v. Eldredge, 84 Idaho 331, 372 P.2d 414 (1962), the question as to the existence of an oral contract is one of fact. The trial judge found that there were no statements or series of statements which would constitute a contract or agreement between the parties for any relationship other than that of the respondent as a materialman and supplier. There was substantial, competent evidence to support this finding and it will not be disturbed on appeal. Dawson v. Eldredge, supra.

■ Appellant's final contention and the principal issue in this appeal is that he and the resondent entered into a written agreement whereby the respondent was to supply all of the labor and materials to be used in the remodeling and construction of his grocery store for the agreed price of $10,-865.00. From the phrasing of his arguments on this appeal, appellant has apparently assumed that this presents a question of law. Respondent contends, however, that this presents a question of fact, requiring merely substantial, competent evidence for affirmance. We agree with the respondent. The question is whether or

not appellant's exhibit A is a contract. While we are well aware of the rule that the construction or interpretation of contracts is a question of law, before a contract can be construed it must be proven that a contract exists. If it be claimed that a particular instrument was not intended by the parties to be a contract, the question as to whether or not the instrument was so intended is a question of fact and not a question of law. 17A C.J.S. Contracts, § 611, Gordy v. Ocean Park, Inc., 218 Md. 52, 145 A.2d 273 (1958), Southwestern States O. & G. Co. v. Sovereign Resources, 365 S.W.2d 417 (Tex.Civ.App., 1963), Murphy & Ames v. Herfurth, 61 App.D.C. 215, 59 F.2d 1029 (1932), Anderson v. Sandquist, 131 Fla. 555, 180 So. 372 (1938).

The trial court found that there was no agreement between the parties for a relationship other than that of the respondent as a materialman and supplier. The court further found that at no time did the parties intend to enter into a contract for the construction of improvements by the respondent as a contractor. Respondent adduced substantial evidence showing that appellant's exhibit A is merely an estimate drawn for the purpose of helping appellant secure a loan. His version of the facts in this case tends to show that the following events transpired between the parties. Prior to the time construction began, appellant requested respondent's manager to pre-pare an instrument which would estimate the cost of a proposed addition to his grocery store. The instrument was subsequently drawn and a copy thereof was sent to appellant. This copy is exhibit A, set out earlier in the opinion. No signatures appear on the original and in fact the original was never delivered to the appellant, but remained in the respondent's possession. Appellant's signature appears on exhibit A but this was done without knowledge of the respondent. Construction commenced near the middle of September, 1957. Appellant was billed on a time and materials basis. Difficulties arose in the construction process from almost the very beginning. Appellant was not pleased with the way the work was progressing, and he requested numerous changes during the course of construction. In addition, appellant hired the electricians, the plumber, and additional workmen for the job. Appellant negotiated with the plumber and carried on exclusive negotiations with the electricians. In short, appellant retained substantial control over the entire construction process. When the job was completed, the finished product differed in many respects from the way it appeared on exhibit A.

The instrument relied upon by appellant does not contain the essential elements of a contract. It is stated in the last paragraph, "When actual construction starts Builder (carpenter) will furnish all labor and be

responsible for same for a portion of this price and We, Boise Payette Lumber, furnishes Material for the Balance." The evidence shows that the instrument was drafted merely for appellant's convenience in that, "Insurance men or lenders may want to see it." For a case similar in fact and import see Beeler v. Miller, 254 S.W.2d 986 (Mo.App., 1953).

Judgment affirmed.

Costs to respondent.

KNUDSON, C. J., McFADDEN and TAYLOR, JJ., and ASCHENBRENER, D. J., concur.