BANK OF EPHRAIM, a corporation, Plaintiff and Appellant,

v.

Halbert DAVIS et al., Defendants, Respondents and Cross-Appellants.

No. 14514.

Supreme Court of Utah.

Jan. 6, 1977.

Louis G. Trevort, Manti, for plaintiff and appellant.

S. Rex Lewis, Provo, for Steinmann.

Wayne G. Petty of Moyle & Draper, Salt Lake City, for Prudential.

Vernon B. Romney, Atty. Gen., Salt Lake City, for State Tax Commission.

MAUGHAN, Justice:

We consider an appeal and a cross-appeal. Each claims error in the assignment of priorities to the mortgage liens of the two appellants. Also at issue is the award of attorney's fees to cross-appellant Prudential Federal Savings and Loan Association, hereafter Prudential.

We discover no error in the assignment of priorities, nor in the award of attorney's fees; and therefore, affirm. No costs awarded.

The Bank of Ephraim, which was first in time to record its mortgage, contends a dragnet clause in its mortgage is sufficient to give it priority, for all sums owed by its debtor-mortgagor, over all subsequent lien holders. The Bank holds two mortgages on two separate parcels, but the principle involved applies to both. The parcels will be identified as the cafe property and trailer court property.

The mortgage covering the cafe property shows a face amount of $2,400.

On the back of the mortgage, the following typewritten provision has been added:

This mortgage covers all additional advances on this loan, the total principal amount not to exceed $3,000.

The standard dragnet clause of the mortgage is part of the original printed form, and states:

To secure payment of any and all extensions or renewals, and successive extensions or renewals, of the note above described, or of the indebtedness represented by the same, and of any other indebtedness represented by the same, *and of any other indebtedness at any time arising from the mortgagor to the mortgagee,* whether represented by notes, drafts, open accounts or otherwise, . . . . [Emphasis supplied.]

The mortgage provisions covering the trailer court property are the same, except the face amount is $4,000; and the added typewritten provision prescribes additional advances in excess of $6,000.

The mortgage covering the cafe property was executed August 7, 1970. On the same day, the mortgagor executed a second mortgage to Babylon Corporation, to secure an

indebtedness of $14,500. On June 6, 1972, the mortgagor borrowed $10,228.80 from Prudential, giving Prudential a mortgage covering the cafe and trailer court parcels.

Subsequently, the mortgagor executed three additional notes to Bank of Ephraim. At the time of trial, Bank of Ephraim was awarded judgment for $43,037, principal; $6,536.75, interest; $3,000, attorney's fees; and a decree of foreclosure on the cafe property. Babylon Corporation was awarded a total judgment of $16,435.52. Prudential Federal Savings was awarded a total judgment of $6,750.33.

In assigning priorities, on the foreclosure of the cafe property, Bank of Ephraim's first position was limited to $3,000. Babylon Corporation was assigned second priority, Prudential was given third priority, and the balance of the judgment of the Bank of Ephraim was assigned fourth priority.

On March 15, 1971, the mortgagor executed a promissory note to Bank of Ephraim, secured by a mortgage on the trailer court property. On October 16, 1972, the mortgagor gave a mortgage to Prudential as previously stated. On July 31, 1974, the mortgagor borrowed an additional $1,508.41, from Bank of Ephraim, on the trailer court parcel. The trial court assigned the following priorities: first, Bank of Ephraim in the principal sum of $5,508.41; second, to Prudential Federal Savings; third, Bank of Ephraim for balance of indebtedness owed on all obligations.

On appeal, Bank of Ephraim contends that all of the advances it made, by reason of the dragnet clause, should have priority over the intervening liens.

There are two separate legal issues involved. The first requires an interpretation of the mortgage drafted by Bank of Ephraim. Recordation of the bank's mortgages gave notice to subsequent mortgagees.[1]

Bank of Ephraim claims the dragnet provision inparted notice the mortgage secured advancements, or indebtedness, in any amount. The trial court limited the first priority of Bank of Ephraim to the express limitations of amount set forth in the mortgages, by the typewritten additions.

■ A mortgage is governed by the same rules of interpretation that apply to written instruments generally.[2] In the event of uncertainty, as to the meaning of a contract, it is construed most strictly against its framer. One will not be permitted to so fashion a contract as to mislead another, by setting forth clearly an apparent representation, induce a contrary limitation or expansion elsewhere in the instrument.[3] Furthermore, this court has held where there is a printed form of contract, and other words are inserted, in writing or otherwise, it is to be assumed the latter take precedence over the printed matter.[4] Under the facts here, Bank of Ephraim is precluded from claiming a priority against the subsequent mortgagees, in any sum greater than the express limitation declared in its mortgage of record.

■ Prudential has cross-appealed, contending the trial court erred by awarding priority to Bank of Ephraim in excess of $4,000 on the trailer court property. Prudential urges its supervening lien takes priority over the subsequent, optional advance made by Bank of Ephraim in the sum of $1,508.41.

. . . an advance made pursuant to a mortgage to secure future advances which the mortgagee was not obligated to make (and which, moreover, he was not entitled to make other than upon request or approval of the mortgagor) is subordinate in lien to an encumbrance intervening between the giving of the mortgage and the making of the advance,

1. 57-3-2, U.C.A.1953.

2. 55 Am.Jur.2d, Sec. 175, pp. 302–303.

3. *Seal v. Tayco,* 16 Utah 2d 323, 400, P.2d 503 (1965).

4. *Holland v. Brown,* 15 Utah 2d 422, 394 P.2d 77 (1964).

if the advance was made with actual notice or knowledge of the intervening encumbrance.[5]

According to the generally prevailing doctrine, the recording or docketing of an encumbrance does not constitute such notice as will subordinate the lien of optional advances thereafter made under an antecedent mortgage of which the intervening encumbrancer had record or other sufficient notice.[6]

The rationale supporting this rule declares the first mortgagee should not be bound to search the records, from day to day, to learn whether his mortgagor has made any further encumbrances, or to ascertain that of which notice must be given him, by the persons interested.[7] In the instant case, there was no evidence Bank of Ephraim had actual notice of Prudential's intervening lien. The trial court's assignment of priorities was correctly made.

 Prudential further contends the trial court erred in awarding it attorney's fees in the amount of $900. The note and mortgage provide for the award of reasonable attorney's fees upon foreclosure. Testimony was adduced showing time expended and the amount of the obligation are significant factors in determining proper attorney's fees. Prudential's claim is grounded solely on time expended. The rule of the trial court was to base the awards upon both the amount of the obligation and the time spent on the matter.

Prudential asserts the amount of its award ($900) is inconsistent with that of Babylon Corporation's ($2,000). Given the time expended, the disparate amounts of the respective liens, both considered from the trial court's coign of vantage;[8] we see

no sufficient basis on which to deem the awards unreasonable.

HENRIOD, C. J., and ELLETT, CROCKETT and WILKINS, JJ., concur.

---

5. 138 A.L.R. 566, 568, Anno: Optional advance under mortgage as subject to lien intervening between giving of the mortgage and making the advance. Also see *Heller v. Gate City Building and Loan Association,* 75 N.M. 596, 408 P.2d 753 (1965); *Leche v. Ponca City Production Credit Association,* Okl., 478 P.2d 347 (1970); *Biersdorff v. Brumfield,* 93 Idaho 569, 468 P.2d 301 (1970).

6. 138 A.L.R. 566, 585; also see *Potwin State Bank v. J. B. Houston and Son Lumber Company,* 183 Kan. 475, 327 P.2d 1091, 1102 (1958).

7. 66 Am.Jur.2d, Records and Recording Laws, § 114, p. 409.

8. *Wallace v. Build, Inc.,* 16 Utah 2d 401, 402, 402 P.2d 699 (1965).