[No. 8767.    Department Two.—June 29, 1885.]

# HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, *v.* JOHN J. CONLIN et al., Appellants.

Estate of Deceased Person—Presentation of Claims.—Only such claims are required to be presented to the personal representative of a deceased person as when allowed will rank among the acknowledged debts of the estate to be paid in due course of administration.

Id.—Mortgage to Secure Debt of Another—Statute of Limitations.—Where a mortgage is given to secure the debt of a third person, and the mortgagor afterwards dies, the claim arising on the mortgage is not required to be presented to his personal representative, nor will its presentation and allowance affect the running of the Statute of Limitations against the mortgage.

Id.—Accruing of Cause of Action.—The doctrine of *Tynan* v. *Walker*, 35 Cal. 634, that the accruing of the cause of action and the running of the Statute of

Limitations do not depend upon the existence of a person competent to sue, applied to the present case, the mortgagor having died before the mortgage debt became due.

ID. — JUDGMENT FOR TAXES AND INSURANCE — PLEADING. — In an action to foreclose a mortgage, the judgment should not include the amount of taxes and insurance paid by the mortgagee on the mortgaged property, unless the complaint alleges their payment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John M. Chretien, Mich. Mullaney,* and *Eugene N. Deuprey,* for Appellants.

*Tobin & Tobin,* for Respondent.

THORNTON, J. — Action to foreclose a mortgage executed by Catherine M. Conlin on her separate real property to the plaintiff to secure the note of the defendant, John J. Conlin, her husband. The note above mentioned was for $500, with interest at the rate of nine per cent per annum, bore date September 13, 1873, and was payable in twenty-four equal instalments of $22.84 each, the first instalment to be paid one month after date, and another instalment each month thereafter, until all were paid. The above given terms of the note in the view taken of this cause herein are alone material.

Catherine M. Conlin died testate on the 28th of November, 1873, and on the 8th day of January, 1874, M. C. Smith was duly appointed executor thereof. On the 6th of August, 1875, plaintiff presented its claim, duly verified, for the amount due upon said note and mortgage, to said executor, and which was by him allowed.

It is also found that the claim was, on the 7th day of August, 1875, presented to the judge of the Probate Court, by him approved, and thereafter filed with the clerk of the Probate Court.

The above facts are found by the court.

The material question in the case arises on the defense of the Statute of Limitations.

We are of opinion that no presentation of the claim arising on the mortgage made by Mrs. Conlin was required by law. We

find nothing in the statute on the subject of the presentation of claims against the estates of deceased persons, which calls for any such presentation. Only such claims are required to be presented as when allowed will rank among the acknowledged debts of the estate, to be paid in due course of administration. (Code Civ. Proc. § 1497.) Mrs. Conlin owed no debt to the plaintiff. She only conveyed her property in mortgage to secure the payment of the debt of another. No action to recover any indebtedness could have been maintained against her in her lifetime, should any interest due on the note of her husband have fallen due and remained unpaid. Section 1500 of the Code of Civil Procedure does not apply to this case, for the reason that there could be no recourse under any circumstances against *any other property* of the estate of Mrs. Conlin than that mentioned in the complaint. This is true of every form in which this section has been enacted, since the Codes went into effect.

It was manifestly the intention of the section last referred to as it was first adopted and as it was re-enacted in 1876, to give the holder of the mortgage where he held a claim against the estate secured by it which when allowed would rank with the acknowledged debts of the estate, an election to present the claim for allowance, have it allowed and proceed to foreclose for the whole amount due on the claim, including any deficiency arising on a sale of the mortgaged premises, or to present no claim and sue on the mortgage alone, and obtain whatever might be realized on a sale of the mortgaged premises under the decree of foreclosure.

As the mortgage was not required to be presented, its presentation and allowance did not affect the question as to the Statute of Limitations.

In *Tynan* v. *Walker*, 35 Cal. 634, it was held that where no cause of action accrued to a person in his lifetime, but did accrue after his death, the Statute of Limitations began to run at the date of the accrual though there was no person in existence competent to sue, and continued to run from such date without cessation. The court in the case cited disapproved of the judgment in *Murray* v. *The East India Company*, 5 Barn. & Ald. 204, which had been followed by the highest court of several of our sister States. (See cases cited in opinion, 35 Cal. 638.)

The court further held in the same case that the twenty-fourth section of the Statute of Limitations then in force, did not apply to a case where the cause of action has not accrued to a person in his lifetime.

The case of *Tynan* v. *Walker* will be seen, on examining it, was that of a cause of action accruing after the death of the person who would, if he had survived the accrual, been plaintiff in the action. The case here is one where the action would have been against a person (Mrs. Conlin) as defendant, if she had lived until the cause of action came into existence. We see no other difference in the cases, and the reasoning in *Tynan* v. *Walker*, which met the approval of the court in that case, and the conclusions there reached, apply here. Section 24 of the act of limitations, upon which the ruling in *Tynan* v. *Walker* was made, is the same as regards the case under consideration as § 353 of the Code of Civil Procedure, the only change made by this section being the substitution of the word "representatives" in the latter clause of the section for the words "executors or administrators" in section 24 of the act, which is not material here. In accordance with the ruling in *Tynan* v. *Walker*, we must hold that as soon as each one of the instalments became due the statute commenced to run on the mortgage, and from that time continued to run.

This action was commenced on the 26th of November, 1880. The last instalment fell due on the 13th of September, 1875.

The period of limitation, which is four years, expired either on the 13th or 14th of September, 1879. It follows from this that the cause of action on the mortgage was barred when this suit was brought.

*Sichel* v. *Carrillo*, 42 Cal. 505, relied on by plaintiff, affords no support to its contention that the statute required the mortgage in this case to be presented. The remark in the opinion quoted by counsel for plaintiff is made upon a concession for the sake of the argument, viz., that the statute required the presentation of the mortgage of Mrs. Carrillo, and the learned judge who drew up the opinion intended only to say that conceding the mortgage was a claim which should have been presented under the statute, it would only be necessary to present it to the administrator of Mrs. Carrillo, and not to the administrator of

her deceased husband. This was said in refutation of the contention that it was necessary to present to the administrator of the deceased husband, which was alone contended for in the case.

The finding as to taxes and insurance paid by the plaintiff is outside any issue in the cause. There is no allegation in the complaint as to these matters. The defendants have had no opportunity to take issue as to these payments. Under these circumstances it was error to find as to them and render judgment for the amount found to have been paid.

Inasmuch as the court finds that the payment of taxes and insurance was authorized by the mortgage, and by the terms of it became a part of the amount due thereon, the judgment will be reversed and the cause remanded, that the question as to these payments may be regularly brought into the case by amendment and tried. As the cause will go back for a new trial in conformity with this opinion, nothing need be said as to counsel fees, which may or may not be allowed on a future trial.

Judgment reversed and cause remanded for a new trial.

SHARPSTEIN, J., and MYRICK, J., concurred.