[L. A. No. 57.  Department Two.—March 24, 1896.]

## CONSOLIDATED NATIONAL BANK OF SAN DIEGO, RESPONDENT, *v.* RICHARD V. HAYES ET AL., APPELLANTS.

MORTGAGE — ESTATES OF DECEASED PERSONS — PRESENTATION OF CLAIM— COPY OF MORTGAGE.—Where a claim upon a note secured by mortgage, presented against the estate of the deceased mortgagor, described the note as secured by mortgage, and was accompanied by an appended copy of the mortgage with all the indorsements thereon, showing the date, volume and page of its record, and also containing a full and complete copy of the note, such appended paper is sufficient to meet the require. ments of section 1497 of the Code of Civil Procedure in regard to the presentation of a claim founded upon a note and mortgage securing the same.

ID.—DEFECTIVE VERIFICATION—ALLOWANCE OF CLAIM—FORECLOSURE OF MORTGAGE—WAIVER OF RECOURSE.—Where a claim upon a note secured by mortgage is defectively verified by an agent of the claimant, but is allowed, and ranked as an acknowledged debt against the estate, to be paid in the due course of administration, and it does not appear that there was ever any contest in regard to the claim in the probate court, it must be assumed that an exhibit and account of the claim was duly rendered, and that it was not objected to or questioned; and the mortgage being an incident of the debt, the allowance and acknowledgment of the debt is sufficient to keep alive the mortgage and entitle it to be foreclosed, without any express waiver of recourse against the estate.

ID.— PLEDGE OF NOTE AND MORTGAGE — NONASSIGNMENT — FORECLOSURE BY MORTGAGEE—CONSENT OF PLEDGEE—REAL PARTY IN INTEREST.— The mere delivery of a note and mortgage by way of pledge to secure indebtedness of the mortgagee, without any indorsement or written assignment of the note or mortgage, does not constitute such a transfer as will deprive the mortgage of the right to present a claim therefor against the estate of the deceased mortgagor, and to sue thereon in his own name with the consent of the pledgee; and, in such case, the pledgor holds the legal title, and is entitled to sue as the real party in interest.

ID.—ALLOWANCE OF CLAIM FOR PRINCIPAL—BAR OF INTEREST BY LIMI-
TATION.—Where the note and mortgage drew interest at a stipulated
rate, but the claim against the estate of the deceased mortgagor was
only allowed for the principal debt, and not for the accrued interest,
and no action was brought to foreclose the mortgage for principal and
interest within three months after the allowance of the claim, the claim
for accrued interest is barred by the statute of limitations, and there
can be no foreclosure of the mortgage therefor.

ID.—STIPULATION—APPEAL — ADMISSION BY RESPONDENT — MODIFICATION
OF JUDGMENT.—Where, upon the hearing of an appeal from a decree of
foreclosure, the respondent admits in his brief that it was stipulated at
the trial that the decree of foreclosure should be so drawn as not to
affect any interest in the land acquired by a grantee of the mortgagor
prior to the execution of the mortgage, and that by inadvertence the
stipulation was overlooked in drawing the judgment, the judgment will
be ordered, upon appeal, to be modified in accordance with the alleged
stipulation.

APPEAL from a judgment of the Superior Court of
San Diego County.    E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*Leroy & Palmer*, and *Trippett & Neale*, for Appellants.

The claim in this case was never presented to the
administrator, as there was no copy of the note, separate
from the mortgage, presented, and the affidavit to the
claim was insufficient, in stating that there are no offsets
to the knowledge of the claimant, being made by John
Ginty, on behalf of plaintiff; also in not showing that
Ginty acted as cashier.    (Code Civ. Proc., secs. 1494,
1497; *Perkins* v. *Onyett,* 86 Cal. 348; 1 Am. & Eng. Ency.
of Law, 388; 17 Am. & Eng. Ency. of Law, 495, and
cases cited; *Stockton etc. Assn.* v. *Chalmers,* 75 Cal. 332;
7 Am. St. Rep. 173; *Burling* v. *Thompkins,* 77 Cal. 257.)
The action could not be prosecuted in the name of plain-
tiff, it not being the real party in interest.    (Code Civ.
Proc., sec. 367; Civ. Code, secs. 3006–08; *Myers* v. *South
Feather River etc. Co.,* 10 Cal. 579; *Wetmore* v. *San Fran-
cisco,* 44 Cal. 294; Pomeroy's Remedies, sec. 132; *Will-
iams* v. *Norton,* 3 Kan. 290; *Cottle* v. *Cole,* 20 Iowa, 481;
*Castner* v. *Chandler,* 2 Minn. 86; *Curtis* v. *Mohr,* 18 Wis.
615; *Woodsum* v. *Cole,* 69 Cal. 142; *Wiggins* v. *McDonald,*
18 Cal. 126.)

*C. H. Rippey,* and *Rippey & Nutt,* for Respondent.

The allowance and approval of the administrator and the probate judge established, *prima facie,* the validity of the claim, and there is nothing in the record to overcome this. (*Perkins* v. *Onyett,* 86 Cal. 348; *Estate of Swain,* 67 Cal. 637; *Estate of Schroeder,* 46 Cal. 318; *Estate of Loshe,* 62 Cal. 413.) The plaintiff bank was the real party in interest, being the holder of the note, and the note being payable to its order. (Code Civ. Proc., secs. 367, 1459, 1971; *Gradwohl* v. *Harris,* 29 Cal. 154; *Toby* v. *Oregon Pac. R. R. Co.,* 98 Cal. 490; *Greig* v. *Riordan,* 99 Cal. 323; *Tuller* v. *Arnold,* 98 Cal. 523; *Wright* v. *Ross,* 36 Cal. 414; *Price* v. *Reeves,* 38 Cal. 460; *Cross* v. *Eureka Lake etc. Canal Co.,* 73 Cal. 302; 2 Am. St. Rep. 808; *Haeber* v. *Brown,* 101 Cal. 452; Civ. Code, secs. 2922, 2926, 2936; *Ritter* v. *Stevenson,* 7 Cal. 388; *Patent Brick Co.* v. *Moore,* 75 Cal. 205.) A calculation of interest accrued at the time the claim was allowed was not required, and the manifest intention of the administrator was to allow and not limit the claim as presented. (Code Civ. Proc., secs. 726, 1496, 1498; *Moran* v. *Gardemeyer,* 82 Cal. 96, and cases cited.)

BELCHER, C.—This action was brought to foreclose a mortgage executed by Edward Hayes and Richard V. Hayes to secure payment of a promissory note made by them to the plaintiff. The note was for three thousand dollars, bearing interest at the rate of twelve per cent per annum compounding quarterly, and was dated December 20, 1887, and payable March 20, 1888. The mortgage was executed April 3, 1883.

Edward Hayes died testate on February 4, 1889. His will was duly admitted to probate, and Richard V. Hayes and Edward Dougherty were appointed and duly qualified as administrators of the estate with the will annexed.

Notice to creditors was duly published, and, within the time limited in the notice, the plaintiff presented to

the administrators for allowance its claim based on said note and mortgage, and the same was allowed and approved by them, and by the judge of the court, and filed in the court among the acknowledged debts of the estate.

The action is based on said claim and was commenced April 26, 1892. The defendants are the two administrators and the widow and children of the decedent.

The administrators and the other defendants answered separately. The answer of the administrators denied the nonpayment of the note; denied that the interests or claims of defendants in the premises described were subsequent or subject to the lien of the plaintiff's mortgage; denied that the claim of plaintiff was duly or properly presented to or allowed by the administrators or the judge of the superior court; denied that the plaintiff was the lawful owner or holder of said note or mortgage; and, as a further defense, set up that prior to the commencement of the action plaintiff pledged, assigned, and delivered said note and mortgage to the Savings Bank of San Diego as collateral security for the payment of an indebtedness of the plaintiff to said savings bank, amounting to three thousand dollars, with interest thereon at ten per cent per annum from said date, and that no part of said sum had been paid, and the savings bank still held the said note and mortgage as collateral security for the payment of said indebtedness. The answer of the other defendants set up the same defense as above, and, in addition thereto, that the cause of action was barred by the provisions of sections 337 and 1500 of the Code of Civil Procedure.

The court below found in favor of the plaintiff, and gave judgment foreclosing the mortgage, from which the defendants have appealed on the judgment-roll without any statement or bill of exceptions.

1. Section 1500 of the Code of Civil Procedure provides that no holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, except

that an action may be brought to enforce a mortgage or lien against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint.

In the complaint in this case there was no such waiver, and appellants contend that there was no legal presentation of the claim relied on, and hence that the action was not authorized and cannot be maintained.

This contention is based upon the theory that no copy of the note accompanied the claim, and that no sufficient affidavit in support of the claim was attached thereto.

The claim presented was as follows:

"Estate of Edward Hayes, deceased. To the consolidated National Bank of San Diego, Dr., May 15, 1889. To one promissory note dated December 20, 1887, $3,000, and interest thereon from date of note, at the rate of twelve per cent per annum, said note being secured by a mortgage recorded in the recorder's office of San Diego county, in book No. 36 of Mortgages, at page 211, et seq. A copy of said note and mortgage is hereto attached."

The attached paper was a copy of the mortgage, with all the indorsements thereon, showing the date, volume, and page of its record in the recorder's office, and also containing a full and complete copy of the note.

This we think was quite sufficient to meet the requirements of section 1497 of the Code of Civil Procedure, which provides: "If the claim be founded on a bond, bill, note, or any other instrument, a copy of such instrument must accompany the claim"; and "if the claim, or any part thereof, be secured by a mortgage, or other lien, which has been recorded in the office of the recorder of the county in which the land affected by it lies, it shall be sufficient to describe the mortgage or lien, and refer to the date, volume, and page of its record." (See *Savings Bank* v. *Burns*, 104 Cal. 473.)

The affidavit was in these words:

"STATE OF CALIFORNIA, ⎱ ss.
"County of San Diego. ⎰

"John Ginty, cashier and authorized officer of the corporation whose foregoing claim is herewith presented to the administrators of said deceased, being duly sworn, says that the amount thereof, to wit: the sum of three thousand (3,000) dollars, and accrued interest until paid, is justly due to said claimant; that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of said claimant.

(Signed)                    "JOHN GINTY,<br>"Cashier."

It is objected that this affidavit was insufficient, because: 1. It did not state that the affiant was the cashier of the corporation, and as such made the affidavit; 2. It did not set forth the reason why it was made by him; and 3. It stated that there were no offsets to the claim, "to the knowledge of said claimant," when it should have stated that there were no offsets, "to the knowledge of the affiant." And in support of the objection the case of *Perkins* v. *Onyett*, 86 Cal. 348, is cited.

That case is not in point. By reference to it, it will be seen that it was an action against an estate based upon a note and mortgage, but that no claim on the mortgage was ever presented, and the claim on the note was supported by a defective affidavit, and was rejected by the executor. In the opinion, the court clearly distinguished the case from that of the *Estate of Swain*, 67 Cal. 637.

In the last-named case, as in this, the claims had been allowed and approved by the administrator and the probate judge, and had been filed among the approved claims against the estate; and it was held that such allowance established *prima facie* their validity. Afterward, upon the settlement of the final account of the administrator, the heirs contested the claims, but, upon the hearing, they were adjudged to be valid, and,

on appeal, the judgment was affirmed.   This court said; "In law, the allowance of the claims, although made upon defective verifications, was not void.   It was a judicial act, which entitled the claims to rank as acknowledged debts of the estate, to be paid in due course of administration; but, as a judicial act in their favor, it was not binding and conclusive against the heirs, because they were not parties to it.   They had, therefore, the right to question the allowance at the settlement of the estate.   The burden of showing the invalidity of the allowance, was, however cast upon them."

In this case, the letters of administration were issued to defendants, Hayes and Dougherty, April 8, 1889. The notice to creditors was given April 22, 1889, and the plaintiff's claim was presented and allowed May 15, 1889.

Under section 1491 of the Code of Civil Procedure, the time for the presentation of claims must have expired in February, 1890, and may have expired in August, 1889.   Under section 1622 of the Code of Civil Procedure, an exhibit under oath, showing the claims presented, the names of claimants, and other matters, was due from the administrators in October, 1889; and if such an exhibit was not rendered, it was, by the next section, made the duty of the court to enforce its rendition.   Under section 1628 of the Code of Civil Procedure, a full account and report of the administration was due as early at least as April, 1890, and may have been due in September, 1889; and, if not presented, it was made the duty of the court to compel the rendering of it by attachment.   And under section 1625 of the Code of Civil Procedure, when an exhibit was rendered, any person interested was authorized to appear and contest any account or statement therein contained.

It does not appear here that the exhibit and full account of the administration were not rendered as required, nor that there was ever any contest in regard to plaintiff's claim in the probate court.   It must, therefore, be assumed that the exhibit and account were ren-

CXII. CAL.—6

dered, and that plaintiff's claim was in no way objected to or questioned. Indeed, it is admitted by counsel for appellants that " the allowance of the claim entitles it to rank as an acknowledged debt against the estate, to be paid in due course of administration," the only contention being that, because of the defective verification, the foreclosure of the mortgage should be denied. But a mortgage is a mere incident of the debt it was intended to secure, and passes by an assignment of the debt, is discharged by a payment of the debt, and is barred by the statute of limitations when the debt is barred. If, therefore, the allowance of the plaintiff's claim was sufficient to make it an acknowledged debt of the estate, it was also sufficient to keep alive the mortgage, and to entitle the plaintiff to have it foreclosed.

2. Appellants contend that the plaintiff was not the real party in interest, and hence the action could not be prosecuted in its name. (Code Civ. Proc., sec. 367.)

The court below found that the plaintiff, on the thirteenth day of March, 1889, delivered the said note and mortgage to the Savings Bank of San Diego, without any indorsement or written transfer thereof, to secure the payment of an indebtedness of the plaintiff to the savings bank, then existing for the sum of three thousand dollars, with interest thereon; that no part of said indebtedness had been paid, and the savings bank still held the said note and mortgage as security for the payment thereof; that on May 15, 1889, the plaintiff, with the consent of the savings bank, presented the claim, based on said note and mortgage, to the administrators, and the same was allowed and approved by them and the probate judge, and filed and registered in court as alleged in the complaint; and that on the twenty-sixth day of April, 1892, this action was commenced by and in the name of the plaintiff, with the consent of the said savings bank.

We do not think the delivery of the note and mortgage, without any indorsement or written transfer, constituted such a transfer as would deprive the plaintiff of

the right to sue on them in its own name, with the consent of the transferee.   At most it was only a pledge, and, as between the pledgor and pledgee, the legal title remained in the former.   And the rule is that when a plaintiff holds the legal title to the demand, he is the real party in interest.   (*O'Connor* v. *Irvine,* 74 Cal. 435; *Grant* v. *Heverin,* 77 Cal. 263.)

3.  As before stated, the note was dated December 20, 1887, and bore interest at the rate of twelve per cent per annum.   The claim presented was for "for three thousand dollars and accrued interest."   It was by the administrators " allowed and approved for three thousand dollars this fifteenth day of May, 1889," and by the judge of the court it was "allowed and approved for three thousand dollars this fifteenth day of November, 1889."   The court below found that no part of the promissory note mentioned in the complaint, or of the principal or interest due thereon, was ever paid, and that there was due and unpaid on the note and mortgage the sum of three thousand dollars principal, and three thousand nine hundred and thirteen dollars and sixteen cents interest, the interest being computed from the date of the note, for which sums judgment was entered.

Appellants contend that the court erred in computing and allowing interest on the note from its date to the date of the presentation and allowance of the claim by the administrators, and that the judgment should be modified by striking therefrom the interest so allowed, estimated by counsel to be two thousand and sixty-eight dollars and sixteen cents.   We think this contention must be sustained.   The claim was allowed by the administrators and the judge for the principal only, and was in effect rejected as to the accrued interest.   The code provides that "whenever any claim is presented to an executor or administrator or to a judge, and he is willing to allow the same in part, he must state in his indorsement the amount he is willing to allow."   (Code Civ. Proc., sec. 1503.)   The code further provides that

"when a claim is rejected either by the executor or administrator, or a judge of the superior court, the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection, . . . . otherwise the claim shall be forever barred." (Code Civ. Proc., sec. 1493.) This suit was not brought within three months after the rejection of the claim for accrued interest, and was therefore not in time to avoid the bar of the statute.

4. It is claimed for appellant, Richard V. Hayes, that the action was barred, and the judgment should therefore be reversed as to him. No personal judgment was asked for or rendered against any of the defendants or against the estate, and counsel for respondent state in their brief that "it was stipulated at the trial that the decree of foreclosure should be so drawn as to not affect any interest in the land acquired by Richard V. Hayes prior to the execution of the mortgage, but by a mere inadvertence the stipulation was overlooked in drawing the judgment."

The judgment should, therefore, in accordance with the alleged stipulation, be modified so that only the interest in the land which the said Richard V. Hayes took as heir at law or devisee of the decedent be included in the foreclosure.

We advise that the cause be remanded, with directions to the court below to modify the judgment in accordance with the views above expressed, and that as so modified it be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with directions to the court below to modify the judgment in accordance with the views above expressed, and as so modified it is affirmed.

McFarland, J., Temple, J., Henshaw, J.