[Civil No. 3050. Filed June 8, 1931.]

[300 Pac. 177.]

MAX LISITZKY, as Administrator of the Estate of HASKELL COHEN, Deceased, Appellant, v. ARTHUR R. BRADY, as Administrator of the Estate of RICHARD G. BRADY, Deceased, Appellee.

Messrs. Richey & Richey, for Appellant.

Messrs. Kingan & Darnell and Mr. Frederick G. Nave, for Appellee.

LOCKWOOD, J.—This is an appeal from the judgment of the superior court of Pima county foreclosing an equitable lien on certain property. There is little if any dispute in the facts, and we state them as follows:

In July, 1926, one Haskell Cohen was the owner of a large area of land near Tucson, Arizona, which he

desired to have subdivided and sold in small parcels. About this time he entered into a contract with Richard G. Brady, a realtor in Tucson, to the effect that the latter should make various improvements thereon at his own expense, and should have the exclusive right to sell the property as subdivided, being reimbursed for such expenses out of the sale of the land. The original agreement was modified several times, but the modifications were in furtherance of the general conditions above set forth, the principal changes being in regard to the amount of money to be advanced by Brady and the purposes thereof.

Cohen died on the 15th of December, 1928. At this time Brady had expended in the improvement of the property something over $20,000 more than had been repaid to him. A few months afterward Brady also died, and administrators for both estates were appointed, Max Lisitzky, hereinafter called appellant, being the administrator of Cohen's estate, and Arthur R. Brady, hereinafter called appellee, the administrator of the estate of Richard G. Brady.

Appellee made demand on appellant that he, as administrator of Brady's estate, be allowed to continue with the sale of the property, which appellant refused to allow on the ground that the contract, being one for the personal services of appellee's decedent, died with the latter. Thereafter appellee filed in the superior court of Pima county a suit against appellant, setting up in substance the facts above recited, stating the amounts advanced by Brady for the improvement of the real estate in question and remaining unpaid, and concluding as follows:

"That it is necessary that plaintiff's rights under said agreements herein pleaded be defined and declared, and to this end this action is brought under the Statutes of the State of Arizona providing for declaratory judgments to be rendered upon written

agreements and have determined any question of construction or validity arising under such instruments.

"Wherefore, this plaintiff prays for a declaratory judgment of this court setting forth a declaration of the rights of said plaintiff under and by virtue of said agreements herein pleaded, and of the duties of the defendant under said agreements and for such a definition of any legal relations under said agreements between the parties hereto as to the court appear by virtue of said agreements. . . . "

Thereafter on November 27, 1929, the court rendered judgment, which reads, so far as material, as follows:

"1. That said contracts came to an end and were terminated on the 15th day of December, 1928, the same being the date of the death of said Cohen.

"2. That at said time the said Brady had advanced and paid under and pursuant to agreements with Cohen, a large sum of money, which amount, as before stated, this court does not find at this time, leaving it open, as stated, and that the said Brady, at the time of the death of Cohen, and Brady's administrator now is entitled to an equitable lien upon the whole of the property in said Jefferson Park Addition remaining unsold at the time of the death of Cohen for all moneys advanced by the said Brady under said contract and not repaid to him at the time of the death of said Cohen, together with interest thereon from the date of the death of Cohen at the rate of six per cent. per annum, less any sum of money that Brady, or his administrator, may have collected under said contract after the death of Cohen, and such lien is hereby adjudged and decreed."

This judgment was never appealed from, and has long since become final. On December 11, 1929, appellee filed a creditor's claim against the Cohen estate for the sum of $24,792.94, the amount which he contended was due his decedent's estate for money expended on the property as aforesaid. Appellant took no action upon the claim, and it was therefore by operation of law rejected within ten days after its

presentation. Thereafter and within three months the present suit was brought by appellee.

In the complaint he set up the various facts above recited, including the judgment in the action previously referred to, the presentation of the claim, and the failure of appellant to pass thereon, and asked for judgment for the amount due and a foreclosure of an equitable lien on the property. Nowhere in the complaint, however, did he expressly waive recourse against the general estate of Cohen. Upon the trial of the case a judgment was rendered in favor of appellee for $21,869.24 against appellant as administrator of the estate of Haskell Cohen, together with interest on said amount, the judgment also containing the following clause:

"It is hereby further ordered, adjudged and decreed, that the sums and amounts hereinbefore set forth are a valid lien upon the lands and premises described in plaintiff's complaint, and hereinafter described. . . ."

In pursuance thereof it was ordered that the lien so adjudged be foreclosed in the usual manner provided by law.

This appeal was taken only from that portion of the judgment adjudging a lien and ordering its foreclosure, and not from the money judgment against appellant, and there are in reality but two points for us to consider: First, whether or not the declaratory judgment above described is valid; and, if so, second, whether or not, under the circumstances above stated, appellee was entitled to foreclose his equitable lien without expressly waiving all recourse against any other property of the estate.

Declaratory judgments are authorized under the provisions of sections 4385–4390, Revised Côde of 1928. We have held such statutes constitutional. *Morton* v. *Pacific Const. Co.,* 36 Ariz. 97, 283 Pac.

281. The particular portion necessary for us to construe in passing upon this first proposition reads as follows:

"4386. . . . Any person interested under a deed, will, written contract or other writing, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and *obtain a declaration of rights, status or other legal relations thereunder.* A contract may be construed either before or after there has been a breach thereof." (Italics ours.)

"4387. . . . The enumeration in this and the preceding sections does not limit or restrict the exercise of the general powers conferred, in any action where declaratory relief is sought, in which a judgment will terminate the controversy or remove an uncertainty."

It is urged that the only issue raised by the pleadings in the declaratory judgment action was whether or not the contract ended at the death of Cohen, and that the portion of the judgment declaring appellee entitled to an equitable lien upon the real estate for the amount advanced was outside the issues of the pleadings, and therefore beyond the power of the court to render. Regardless of whether the pleadings properly raised the issue of whether or not an equitable lien existed as found by the court, we think appellant is in no position to question the judgment. A judgment can only be attacked collaterally when it is void for want of jurisdiction. *Henderson* v. *Towle,* 23 Ariz. 377, 203 Pac. 1085. Since the court had jurisdiction of the subject matter and the person of appellant, and the power to render the particular judgment which it did, defects in the pleadings cannot be raised at this time or in this manner. *Tube City Min. & Mill. Co.* v. *Otterson,* 16 Ariz. 305, L. R. A. 1916E 303, 146 Pac. 203; 34 C. J. 560. But, even were this not true, we are of the opinion that under

the pleadings the question of whether appellant had an equitable lien on the property was just as much involved in a determination of his rights arising under the contract between Cohen and Brady as that of whether the executory part of the contract had terminated with Cohen's death, and, since no appeal was taken, the decision is *res adjudicata* in the case at bar.

When, therefore, appellee presented his claim to appellant for the amount he alleged had been advanced by his decedent, it was conclusively established he had an equitable lien upon the premises in question for any amount so advanced. The claim was by operation of law deemed rejected. What, then, were the remedies of appellee? It is contended by appellant that these remedies were as follows:

Appellee might have brought suit under section 3989, Revised Code of 1928, which reads as follows:

"3989. . . . When a claim is rejected, either by the executor or administrator or the judge, the holder may bring action thereon against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred. No claim shall be allowed by the executor or administrator or by the judge which is barred by the statute of limitations."

But, if he obtained judgment, it could only be a simple money judgment against the administrator as such, upon which no execution could be issued, in accordance with the provisions of section 3993, Revised Code of 1928, which reads as follows:.

"3993. A judgment rendered against an executor or administrator upon a claim for money against the estate of his testator or intestate only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge, and the judgment shall be, that the executor or administrator

pay, in due course of administration, the amount ascertained to be due. A certified transcript of the judgment must be filed in the court. No execution shall issue upon such judgment, nor shall it create any lien upon the property of the estate or give to the judgment creditor any priority of payment."

If appellee did not care to follow that course, he might have proceeded under section 3990, Revised Code of 1928, which reads as follows:

"3990. The holder of any claim against an estate shall not maintain an action thereon unless the claim is first presented to the executor or administrator, except, an action may be brought by the holder of a mortgage or lien to enforce the same against the property of the estate subject thereto where all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless such claim be so presented."

These, urges appellant, are the only two remedies available to appellee, and, since the latter did not in his complaint expressly waive all recourse against any other property of the estate, if this suit is brought under section 3990, *supra,* the judgment is void *in toto. Bank of Sonoma County* v. *Charles,* 86 Cal. 322, 24 Pac. 1019. If, on the other hand, it is contended the action was based on section 3989, *supra,* then the only portion of the judgment which is valid is the money judgment against the administrator, and that portion authorizing a foreclosure of the lien or sale under execution is void. *In re Slaughter's Estate,* 37 Ariz. 124, 289 Pac. 989; sec. 3993, *supra.*

There is no dispute that these two remedies are available for the holder of a secured claim against an estate, and that the results just stated follow in accordance with which method is pursued. It is urged, however, by appellee, that a third procedure is permissible. He contends that he may present his claim to the administrator, and that, when it is so *pre-*

*sented,* whether it be approved or rejected, he may bring a suit to foreclose his lien in the ordinary manner provided by law for such foreclosure, and that, if he makes such presentation, he is not limited by the special method set forth in section 3990, *supra.*

Our probate statutes are taken principally from the state of California, and section 3990 follows almost *verbatim* the language of section 1500, Code of Civil Procedure of California, second ed., 1920. The Supreme Court of California, in discussing the purpose and meaning of this section, said in the case of *Hibernia Savings & Loan Society* v. *Conlin,* 67 Cal. 178, 7 Pac. 477:

"It was manifestly the intention of the section last referred to, as it was first adopted and as it was re-enacted in 1876, to give the holder of the mortgage, where he held a claim against the estate secured by it, which, when allowed, would rank with the acknowledged debts of the estate, an election to present the claim for allowance, have it allowed, and proceed to foreclose for the whole amount due on the claim, including any deficiency arising on a sale of the mortgaged premises, or to present no claim and sue on the mortgage alone, and obtain whatever might be realized on a sale of the mortgaged premises under the decree of foreclosure."

In the case of *Consolidated National Bank of San Diego* v. *Hayes,* 112 Cal. 75, 44 Pac. 469, a promissory note, signed by two makers and secured by a mortgage, had been given. One of the makers of the note died, and the plaintiff presented its claim for allowance to the administrator, and thereafter brought suit to foreclose the mortgage. There was no waiver of recourse against the remainder of the estate set up in the complaint, and it was contended that the claim had not been presented, and therefore the action could not be maintained without such waiver. The court discussed fully the question as to whether or

not the claim had been properly presented, held that it had, and affirmed the foreclosure of the mortgage, though modifying the judgment slightly as to amount. While it did not in so many words state that, when a claim was presented, a mortgage securing it might be foreclosed without the necessity of waiving recourse as provided in section 1500, *supra,* the only possible conclusion to be drawn from the judgment is that such procedure is proper. In the case of *Moran* v. *Gardemeyer,* 82 Cal. 96, 23 Pac. 6, suit was also brought to foreclose a mortgage securing a promissory note. The maker had died and the holder of the note had presented his claim for allowance, and thereafter brought suit to foreclose the mortgage. It was urged that, having filed his claim in the ordinary manner, the mortgagee was barred of the right to proceed by foreclosure, except in the manner provided in section 1500, *supra.* The court held that the action for foreclosure could be maintained without resorting to section 1500. In *Bank of Sonoma County* v. *Charles, supra,* a similar suit was involved. It appeared that the note itself was properly presented as a claim to the administrator of the maker, but no claim for the mortgage was ever presented. The complaint was in the ordinary form for foreclosure of a mortgage, and did not waive recourse against the other property of the estate. The court held that, since the mortgage had not been presented, it could not be foreclosed except under section 1500, *supra,* and impliedly, although not directly, that, had the mortgage been presented as a claim, the suit could have been maintained without such waiver.

We are of the opinion under the authorities above quoted that the limitation placed by section 3990, *supra,* upon a mortgage foreclosure suit requiring a waiver of all recourse against any other property of the estate applies to cases when the claim has not

been first presented to the executor or administrator, and that, when such presentation has been made, the holder thereof may proceed to enforce his lien in the ordinary manner without such waiver.

This disposes of the only two questions involved, and the judgment of the superior court of Pima county is affirmed.

McALISTER, C. J., and ROSS, J., concur.