HELEN ROGOVIN, PLAINTIFF-APPELLANT, v. HARRY KRIDEL ET AL., EXECUTORS OF THE ESTATE OF GEORGE KRIDEL, DECEASED, DEFENDANTS-RE-SPONDENTS.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Edward R. McGlynn*.

For the respondents, *Samuel K. Sobel*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The plaintiff below was the holder of a bond and mortgage, executed by George Kridel, and which, at the time of his decease, was not due by reason of maturity or default, and she filed with his executors proof of the amount due thereunder. The executors gave notice that they disputed the claim and plaintiff then brought action to substantiate it.

The executors, defendants below, upon notice, moved to strike the complaint because it "discloses no cause of action in that by reason of the statutes in such case made and provided the plaintiff may only maintain an action against the defendants after a determination of the sum, if any, due upon the bond after the foreclosure of the accompanying mortgage, and for the further reason that by virtue of the aforesaid statutes and the terms of the bond, no sum is presently due and owing for which the plaintiff may maintain an action."

The complaint was stricken upon the ground "that the claim of the plaintiff is not due and payable" and summary judgment was entered in favor of the defendants below.

There was a counter-motion on the part of the plaintiff below to strike defendant's answer in respect to paragraph 2 as frivolous; paragraph 3 as sham and untrue; the first separate defense in that it was frivolous and likewise as to the second separate defense.

Plaintiff below appeals from this judgment.

The grounds of appeal, six in number, may be said to raise three alleged errors: (1) Error in striking the complaint; (2) error in refusing to strike the answer; (3) error in refusing to direct a summary judgment in favor of the plaintiff.

It appears to us that the learned Circuit Court judge, sitting as Supreme Court commissioner, fell into error.

Generally speaking a claim against a decedent's estate may be presented to his personal representatives whether due presently or in the future. 3 *Comp. Stat., p.* 3834, § 69.

It may be conceded, therefore, that the judgment under review cannot be sustained upon the ground assigned. It remains to be determined whether or not it can be affirmed upon any other legal ground or principle. We conclude that it cannot.

There are two statutes that are brought to our consideration, and they are: The Orphans Court act (3 *Comp. Stat., p.* 3835, § 71):

"If any executor or administrator to whom any such claim is presented dispute the same, or any part thereof, and shall give notice in writing to the creditor, claimant * * * that said claim, or any part thereof, is disputed, such creditor shall bring suit therefor in three months from the time of giving such notice * * *."

(See, also, sections 87 and 88, same statute); and "An act concerning mortgages" (3 *Comp. Stat., p.* 3421, § 48):

"That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect the said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum suf-

ficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit."

*Pamph. L.* 1933, *p.* 172, among other things, not important here, reduces the period for commencement of the action upon the bond for deficiency from six months to three months.

Sections 87 and 88 of the Orphans Court act, *supra,* were enacted in 1881, approved March 18th, 1881, and took effect immediately, and section 48 of the Mortgage act, *supra,* was adopted five days later, March 23d, 1881, and took effect immediately. Section 71 of the present Orphans Court act first appears as part of section 2 of "An act for the relief of legatees and next of kin, in the recovery of legacies and distributive shares." *Pamph. L.* 1849, *p.* 153, adopted February 28th, 1849. See 2 *General Statutes, p.* 2368, § 63. See Revision of 1877, page 765, section 63. Section 48 of the Mortgage act, *supra,* was amended March 29th, 1933 (*Pamph. L.* 1933, *p.* 172), and again on March 22d, 1935 (*Pamph. L.* 1935, *ch.* 88, *p.* 260) ; the requirement for foreclosure and sale before suit upon the bond as provided in the original enactment being retained. It is also to be noted that sections 71, 87 and 88 of the Orphans Court act, *supra,* were re-enacted in the 1898 revision of that act and section 87 was again amended in 1900. *Pamph. L.* 1900, *p.* 308. From all of this it would appear that there was a legislative intent and purpose that all of these enactments should exist, and that, without conflict, and we conclude that there is no conflict and that their purposes are clear and distinct.

The purpose of section 48 of the Mortgage act, *supra,* is to regulate and control proceedings to *collect* the debt secured by a bond and mortgage, as between the mortgagor and mortgagee which is the situation in the cause under consideration.

The purpose of section 71 of the Orphans Court act, *supra,* is to *establish the validity of the claim* against the estate of the deceased obligor. So is all the authority. *Crater* v. *Smith,* 42 *N. J. Eq.* 348; *affirmed,* 43 *Id.* 636; *Weatherby*

v. *Weatherby,* 63 *N. J. L.* 445; *Smith* v. *Wilson,* 79 *N. J. Eq.* 310, 321.

These statutes do not conflict. They must be read and construed together.

That this is so is clearly and correctly stated and held in *Weatherby* v. *Weatherby, supra:*

"We must assume harmonious intent in the body of our statute law and construe separate enactments accordingly. * * * It will be observed that in the requirement of the statute (*Gen. Stat., p.* 2112, *pl.* 47, which is identical with section 48 of the Mortgage act, 3 *Comp. Stat., p.* 3421, *supra*)— that 'proceedings to *collect*' shall be, first, to foreclose the mortgage—there is no express prohibition of a previous suit on the bond. Inferred prohibition should go only as far as necessary. A suit against an obligor has been held not maintainable. *Hellyer* v. *Baldwin,* 24 *Vr.* (53 *N. J. L.*) 141; *Holmes* v. *Seashore Electric Railway Co.,* 28 *Id.* (57 *N. J. L.*) 16.

It was proper to so hold, for such a suit is a step in a *proceeding to collect. A suit against the legal representatives of a deceased obligor, brought by legal necessity on notice from his legal representatives, stands on a different footing.* * * * If a claim so served (a verified claim on a bond secured by a mortgage, not yet foreclosed) be disputed by notice in writing, *the right to bring suit on it follows as a necessary incident.* Such a suit is not a *proceeding to collect* but only *to ascertain the debt. The judgment will not be a lien on either goods or lands of the decedent.* If execution is possible, that, of course, will be stayed by the statute, but no other restraint is required by either the spirit or letter of the law. No preference over other creditors will be gained by the mortgagee if such judgment be permitted, for, on a decree of insolvency, the proceedings have relation back to the original order of limitation. * * * *The representatives of the estate are in no worse plight under judgment than under the* verified claim. * * *"

It is true that in the foregoing case from which this excerpt of the opinion is quoted: "The plaintiff declared on an overdue money bond given by defendants' testator. The defend-

ants pleaded that with the bond a mortgage was given for the same debt and that there had been no sale of the mortgaged premises under foreclosure proceedings. The plaintiff replied that on his presentation to the defendants of a verified claim on the bond they had given him notice in writing that said claim was disputed. A motion to strike out such replication has been certified to this court [Supreme] for its advisory opinion."

The court advised that the replication certified was good and that the motion to strike it out should be denied.

Whether the bond and the mortgage securing it are due by default or maturity or not is a matter of indifference inasmuch as section 69 of the Orphans Court act (3 *Comp. Stat., p.* 3834), *supra,* provides for, and permits, the presentation of claims to the personal representatives of decedents, whether such claims are due presently or in the future and, moreover, the result and effect of the presentation of a claim upon a bond secured by a mortgage is the same whether such obligation be due at the time of the presentation or in the future.

There was, therefore, error in striking the complaint and for that reason the judgment under review must be reversed. There was also error in refusing to strike the answer and to enter judgment for the plaintiff below. The cause is remanded to the court below with direction to enter judgment for the plaintiff-appellant in accordance with our findings herein expressed.

*For affirmance*—PERSKIE, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.