Essex County Circuit Court.

HELEN ROGOVIN, PLAINTIFF, v. HARRY KRIDEL AND SAMUEL K. SOBEL, EXECUTORS OF THE ESTATE OF GEORGE KRIDEL, DECEASED, DEFENDANTS.

Decided April 1, 1936.

For the plaintiff, *Edward R. McGlynn* (by *Joseph Weintraub*).

For the defendants, *Samuel K. Sobel.*

WILLIAM A. SMITH, C. C. J. This matter is presented to the court on a motion to stay the issuance of an execution on a judgment entered in favor of the plaintiff and against the defendants.

The plaintiff is the obligee of a bond secured by mortgage on real estate and sues the executors of George Kridel, the obligor, to recover the face amount of the bond. The bond, at the time of the commencement of the suit and at the present time is not due by its terms, nor is it in default. However, a proof of claim for the full amount of the bond was submitted to the defendant executors; they rejected the claim, and this suit was instituted thereon. On defendants' motion, the complaint was stricken on the ground that the obligation was not due.

The striking out of the complaint by this court was reversed by the Court of Errors and Appeals. *Rogovin* v. *Kridel,* 116 *N. J. L.* 97; 182 *Atl. Rep.* 828, that court holding that this suit was instituted for the purpose of determin-

ing the validity of the plaintiff's claim after its rejection by the executors, and not for the purpose of collection.

On the return of the *remittitur* on the reversal and in accordance with the directions of the Court of Errors and Appeals, this court entered judgment in favor of the plaintiff and against the defendant executors for the amount remaining *unpaid* on the bond, it still not being due or in default under its terms.

The defendants now move to stay execution on the ground that this suit is brought onl, for the purpose of establishing the validity of the plaintiff's claim, and that it cannot be used for the purpose of collection. From my examination of the opinion on which the reversal was predicated I must conclude that it was the opinion of that court that this proceeding could not be used for the purpose of collection and the application for a stay of execution will therefore be granted.