## DENVER JOINT STOCK LAND BANK OF DENVER v. PRESTON

(No. 2020; July 27, 1937; 70 Pac. (2d) 584)

134

For the defendants and appellants, there was a brief and oral argument by *Edward T. Lazear* of Cheyenne.

For the plaintiff and respondent, there was a brief by *Reid* and *More* of Torrington, and oral argument by *Mr. More*.

BLUME, Chief Justice.

On February 24, 1924, Archie B. Preston and Lola Preston, husband and wife, executed and delivered to the plaintff, then known as First Joint Stock Land Bank of Cheyenne, two promissory notes in writing, one for $5,000 and one for $3,000, payable in installments upon an amortization plan. Power was given to declare the whole sum to be due upon default. Certain payments were made, but the installments maturing on April 1, 1932, and thereafter, were not paid, and plaintiff declared the whole debt to be immediately due and payable. The notes were secured by a mortgage, or deed of trust, on the S½SE¼ and S½SW¼ of Section 5; S½SE¼, SE¼SW¼ and Lot 7 of Section 6; Lot 1, NE¼NW¼, SE¼NW¼, NE¼SW¼ and N½ NE¼ of Section 7, N½NW¼ of Section 8; Township 19 N., Range 63 W. of the 6th P. M., situated in Goshen County, Wyoming. On April 20, 1934, Archie B. Preston, one of the makers of the notes and mortgage above

mentioned, died, a resident of Goshen County, Wyoming. On May 7, 1934, letters of administration of the estate of the decedent were duly issued to Lola Preston. She gave due notice to creditors, requiring claims against the estate to be filed within ten months thereafter. Within that period of time plaintiff duly filed its secured claim against the estate, claiming due thereon the sum of $7,618.54. The claim was rejected by the administratrix on March 13, 1935, and she caused notice thereof to be given to plaintiff on March 15, 1935. On April 11, 1935, plaintiff commenced to foreclose the mortgage or trust deed hereinafter mentioned by publication. Due notice was given. The amount then claimed to be due was $8,150.55. Sale of the premises was duly had pursuant to the publication, and plaintiff bid the sum of $7,200, deducting expenses and applying $7,137.98 upon the mortgage, leaving due a deficiency of $1,055.02. This action was brought for the purpose of recovering the last mentioned amount, with interest thereon. The action was commenced on June 7, 1935, within the time required by law. The plaintiff, in substance, alleged the facts above mentioned. It did not allege that the mortgage or trust deed above mentioned contained a power of sale, and that the sale was had in accordance with such power, and pursuant to the statute in such cases made and provided. The point, however, is not controverted. The case has been argued upon the theory that such power existed, and had been given by the mortgagors. A demurrer was filed to the petition on the ground that it did not state facts sufficient to constitute a cause of action. That was overruled. An answer was thereupon filed. On August 6, 1936, the defendants filed a motion for judgment on the pleadings, for the reason that the petition of plaintiff does not state facts sufficient to constitute a cause of action. The motion was overruled, and the defendants refusing to plead further, judgment was entered

in favor of the plaintiff in accordance with the prayer of its petition. From that judgment an appeal has been taken to this court.

Section 88-3103, Rev. St. 1931, provides that: "All claims whether the same be due or not due or contingent, must be filed or exhibited within the time limited in the notice and any claim not so filed or exhibited is barred forever." Section 88-3109 provides: "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following cases: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against the property of the estate is expressly waived in the complaint." Other sections of the probate code provide for the sale of real estate in case the personal property is not sufficient to pay the debts of the estate, and authorize interested parties to apply for such a sale Section 88-3243 provides that when a sale is made by an executor or administrator of lands subject to a mortgage or lien, the mortgage or lien must first be satisfied out of the proceeds of the sale, and that the mortgage or lien will continue to exist until such application of payment has been made.

1. Before proceeding to note the specific contentions made by the appellants herein, it may be well to state that, under statutes like or similar to ours, the authorities seem to hold that a mortgagee may, upon the death of a mortgagor, pursue one of the following courses:

(A) He may, under Section 88-3109, supra, disregard the provisions in reference to filing a claim with the representative of decedent's estate and proceed to foreclose his mortgage by an action in a court of equity, provided that he waives all recourse against the

general assets of the estate. 24 C. J. 333; Bancroft's Probate Practice, Sec. 791, 793.

(B) He may present his claim in accordance with Section 88-3103, R. S. Wyo. 1931. If it is allowed, nothing further need be done at that time. In case it is disallowed, it must of course be established by proper action within the time allowed by law. Rogovin v. Kridel, 116 N. J. L. 97, 182 Atl. 828. He need not, in that action, ask the foreclosure of the mortgage, unless, perchance, the statute requires that an action on the claim must be pursued in the same action as the foreclosure of the mortgage. See Berry v. Scott, 43 Ida. 789, 255 Pac. 305; contra, Rogovin v. Kridel, supra. He may wait and have the property sold by the representative of the estate and have the mortgage paid as a prior claim out of the proceeds of the sale in accordance with Section 88-3243, supra. Visalia Savings Bank, v. Curtis, 135 Cal. 350, 67 Pac. 329. After the application of the proceeds of the sale of encumbered property to the secured debt the remainder, if any, unpaid thereon constitutes a claim against the general assets of the estate. Federal Land Bank v. Carter (Tex. Civ. App.) 86 S. W. (2d) 523.

(C) He may present his claim, and whether allowed or disallowed, he may then commence an action in court to foreclose the mortgage and apply the proceeds on the indebtedness due thereon. If the claim is rejected, the action may take on the character of both an action on the claim and a foreclosure suit. If the action takes on that character, the plaintiff need not waive recourse against the estate, but any deficiency remaining after applying the proceeds on the indebtedness will be payable out of the general assets of the estate. Hibernia etc. Soc. v. Conlin, 67 Cal. 178, 180, 7 Pac. 477; Moran v. Gardemeyer, 82 Cal. 96, 23 Pac. 6; Lisitzki v. Brady, 38 Ariz. 337, 300 Pac. 177; Berry v. Scott, supra; Schaefer v. Sellar, (Ore.) 64 P. (2d)

1334; Weiser Loan & Trust Co. v. Comerford, 41 Ida. 172, 238 Pac. 515; Bancroft's Probate Practice, Sec. 791; Church's Probate Law & Practice, Vol. 2, pp. 1119, 1120. We need not say what the rule would be as to waiver of recourse against the estate if foreclosure is brought after an allowance of the claim. But see Weiser L. & T. Co. v. Comerford, supra.

2. The decision above mentioned relating to the right to foreclose a mortgage after the presentation of a claim all deal with actions in a court of equity. The plaintiff in this case did not pursue that method of foreclosure, but foreclosed the mortgage in the case at bar pursuant to a power of sale and pursuant to the statutes made and provided for such cases. Counsel for the appellants contends that when plaintiff chose to present its claim to the administratrix in connection with the proceedings in the probate court for the settlement of the estate, it was then compelled to remain in court, and while it is admitted that it had the right to foreclose, it is contended that the foreclosure was required to be in an action in court. Counsel has evidently overlooked the fact that an action of foreclosure could be filed in the district court, while the decedent's estate was pending in the probate court. While the judge of the district court is also judge of the probate court, nevertheless there is a distinction between these courts. Church v. Quiner, 31 Wyo. 222, 224 Pac. 1075. So that the premises upon which counsel's argument is based are not sound. There is nothing in Section 88-3109, supra, which in any way whatever interferes, at least directly, with the right of foreclosure under a power of sale. Nor is there any other statute in this state to which our attention has been called or which we have found, which in any way interferes at least directly with the right of exercising that power. It is held in Mathew v. Mathew, 138 Cal. 334, 71 Pac. 344, which deals with the right of a chattel mortgagee to recover

property in the possession of an executor, that "the death of the mortgagor did not affect the rights of the mortgagee under the contract." It is stated in 41 C. J. 927, that according to the doctrine generally accepted, a power of sale either in a mortgage or in a deed of trust in the nature of a mortgage, is coupled with an interest and is therefore not revoked by the creditor's death. In the case of Muth v. Goddard, 28 Mont. 237, 72 Pac. 627, 98 Am. St. Rep. 553, the identical contention was made as in the case at bar. The court overruling it, and we think correctly, stated:

"It is argued, however, that foreclosing under a power of sale is inconsistent with our probate law, and that the mortgagee should enforce his rights therefor through the regular course of administration, or by foreclosure in court. This argument cannot be maintained. 'The law may suspend its own process. As it gives the process, it may regulate it. But deeds of trust and mortgages with the power of sale arise from the consent and agreement of parties, and there is no propriety in depriving creditors of the fruits of their foresight and caution.' Beatie v. Butler, 21 Mo. 313, 64 Am. Dec. 234."

3. It is next contended by counsel for appellants that no judgment in the case at bar was authorized for the reason that no claim was presented for the amount involved herein as required by law. He argues that the claim presented to the administratrix prior to the time when foreclosure proceedings were commenced was not the claim sued on herein; that the claim involved in this action is a claim for a deficiency and is an entirely different claim from that which was presented as above mentioned. He contends that it was necessary to present a claim for the deficiency itself. Counsel states in his brief: "It is true that we have cited no authorities to the effect that a suit on a preferred and secured note is a different cause of action from a suit based on a deficiency arising after the sale of mort-

gaged property. But in the very nature of things we feel that such causes of action are entirely different." We might agree with counsel, if the statute made a specific requirement of the filing of a claim for deficiency. See Wright, et al. v. Bank, 116 Okla. 74, 243 Pac. 512. But we have no such statute as is found in Oklahoma. It is held in Flynn v. Driscoll, 38 Ida. 545, 223 Pac. 524, 34 A. L. R. 352, that the purpose of requiring the presentation of claims against estates is first, to furnish the administrator with pertinent evidence touching the validity and justness of such claims, by means of which he may determine for himself whether they are to be paid out of the funds of the estate, and second, to enable him to justify his acts in some measure at least, in accounting with the proper court. Now, when the claim herein was filed with the administratrix, she doubtless investigated the validity and justness of that claim and every part of it. The greater includes the less. She rejected the whole of the claim, and necessarily rejected every part of it, including the part embraced within this action. Having rejected the very claim which is made in this case, it would seem to follow that it also was presented to her. The purpose of filing the claim was fully observed, and nothing more would seem to be required. Moreover, Sec. 88-3103, supra, permits the filing of a contingent claim. The claim filed herein may be considered in that light. Smith v. Wilson, 79 N. J. Eq. 310, 81 Atl. 858. It was not necessary to specifically state that the claim was contingent, for the administratrix knew that under the law foreclosure might take place, and that, accordingly, the amount due might be reduced. Again, it is stated that the claim presented is sufficient, if it shows enough to bar another action for the same demand. Harwood v. Scott, 57 Mont. 83, 186 Pac. 693. The one which was filed with the administratrix in this case is based on the amount due on two definitely des-

cribed notes. If suit had been brought for the whole amount, recovery would have been based on the amount due on these notes. In the case at bar, too, recovery is sought for the amount due on the identical notes. The effect of the foreclosure was merely to give an additional credit. The basis of the suit is not changed.

In 24 C. J. 353, it is stated:

"It has been considered proper to present the whole mortgage debt as due on the bond, such a claim amounting to a claim for any deficiency which may remain after the security has been exhausted."

The text cites New Jersey cases which fully sustain it. In Carter v. Smith, 42 N. J. Eq. 348, 7 Atl. 575, affirmed in 43 N. J. Eq. 636, 12 Atl. 530, the court stated:

"The object of the act was to compel the creditor holding a bond secured by a mortgage to look first to the mortgaged premises for payment and to limit his time for suit upon the bond for deficiency to six months from the time of the sale, and to give to the bond debtor a right to redeem the property in case the creditor should recover judgment for the deficiency. The appellant had a right to present his claim under the order limiting creditors. Had he not done so he would have been barred from recovering it against the administrators and he could not have brought suit against the administrators upon it. The Act of 1881, while it prohibited him from bringing suit upon the bond until sale under foreclosure of the mortgage should have taken place, did not prohibit him from presenting his claim under call of the order to limit creditors. *Nor can it be said that he ought to have put in a new claim (for deficiency) after the sale.* The order barring creditors prevented such action. All that he could have done would have been to put in a statement reducing his demand to the amount of the deficiency, but he was not required to do so."

And again, in the case of Smith v. Wilson, 79 N. J. Eq. 310, 81 Atl. 585, the court said:

"The practice of presenting under oath the whole

mortgage debt as due on the bond is sustained by this case; but what the claim amounts to is not a claim for the whole debt but merely a claim for the payment of any deficiency which may thereafter be declared due to the claimant after his primary security has been exhausted."

It is apparent from the foregoing authorities that counsel's contention is not well taken.

4. Section 71-206, R. S. 1931, provides that one of the prerequisites to foreclosure of a mortgage under a power of sale is that "no suit or proceeding shall have been instituted at law to recover the debt then remaining secured by such mortgage, or any part thereof, or if any suit or proceeding has been instituted, that the same has been discontinued," etc. It is contended by counsel for appellants that the filing of a claim by plaintiff with the administratrix constituted a proceeding instituted at law to recover the debt. In fact, counsel states that "the filing of the claim was the commencement of an action." Whatever may be the rule in other states in this connection, the contention that the filing of the claim constituted the commencement of an action or proceeding in court can not be true under our statute, which provides (Sec. 88-3107) that when a claim is rejected, suit upon it must be brought in the proper court. It is stated in Pollitz v. Wickersham, 150 Cal. 238, 88 Pac. 911, that "clearly, a creditor's claim against an estate is in no sense of the word a pleading." And in Re Beyer's Estate, 185 Wisc. 23, 200 N. W. 772, it is stated that the filing of such claim is not the commencement of a civil action. It is true that a claim must be filed before action can be brought thereon. It is a condition precedent, but it is only in the nature of a demand, and it would hardly be contended that in cases where a demand is necessary before an action is commenced, that the demand itself constitutes a part of the action. The term "proceeding" as used in Sec. 71-206, supra,

standing by itself, is a broad term, but its meaning is limited in the section, and must be one instituted at law. We think that means that it must be a proceeding in court. It has been so held. Section 71-206 seems to be identical with what is or was the provision for foreclosing a mortgage under a power of sale in Michigan, and our statute was, perhaps, taken from that state. In the case of Lee v. Clary, 38 Wis. 223, 227, the court, in constructing the term "suit or proceeding instituted at law," stated:

"This statute clearly has reference to suits on the debt, and not to foreclosure proceedings on the mortgage, and its object is to prevent proceedings, at the same time to prosecute the personal liability of the mortgagor and pursue the land. It is to prevent a simultaneous double vexation, which was allowed in England, but not generally here."

In the case of Larzelere v. Starkweather, 38 Mich. 96, the identical contention appears which is made in the case at bar. The court, in overruling that contention, and we think correctly, stated as follows:

"Nor do we think the fact that Conklin had proven the claim secured by this mortgage before the commissioners (of decedent's estate) was such a suit or proceeding at law as our statute contemplates. In my opinion the whole object and intent of that provision is to prevent the creditor pursuing a double remedy at the same time, thus putting the debtor to needless costs and expense. The statute, by the terms used, has reference to proceedings in a court of law, where a judgment may be rendered and an execution issued thereon against the property of the debtor. I think the bare fact that he presented the claim before the commissioners, and that it was allowed by them, would not render the sale subsequently made void. Such would seem to be a fair construction of this subdivision

of our statute, taking the entire provision into consideration."

The judgment of the trial court is accordingly affirmed.

*Affirmed.*

RINER and KIMBALL, JJ., Concur.