CREIGH SONS & COMPANY, APPELLEE, v. HARRY B. JONES ET AL., APPELLANTS: ROY TOWLE ET AL., APPELLEES.

FILED JULY 24, 1919.   No. 20816.

1. **Mortgages: FUTURE ADVANCES.** If the owner of real estate contracts to borrow money to erect buildings thereon, and gives a mortgage upon the real estate to secure the loan, which, by agreement, is to be advanced as the buildings progress, the lien of the mortgage begins upon the recording thereof.

2. ———: ———. Under such agreement, the advancement of the money is not optional with the mortgagee, but must be advanced as the building has progressed.

3. ———: MECHANICS' LIENS: PRIORITIES. In such case, the lien for material and labor furnished for the buildings will begin when the furnishing of the 'labor or material begins, and, if that is before the recording of the mortgage, such liens will be superior, but, if it is after the filing of the mortgage, the lien of the mortgage is superior.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Anson H. Bigelow, Joseph Rapp, Jr.,* and *H. G. Moorhead,* for appellants.

*Gaines & Van Orsdel* and *E. H. Westerfield, contra.*

SEDGWICK, J.

The defendant Jones purchased of the plaintiff, Creigh Sons & Company, the real estate involved in this action for the agreed price of $1,200, of which he paid in cash $285 and the agreement was that he should give a mortgage upon the property for the remainder of the purchase price, and that he should borrow money with which to build the three buildings on the real estate, and might give a mortgage to secure such loan, which should be the first mortgage upon the real estate, making the plaintiff's mortgage subject thereto. Pursuant to this agreement, he contracted with the defendant Occidental Building & Loan Association to furnish him $5,100, and to take a first mortgage upon the real estate as security therefor. He began the contemplated buildings, and the defendant Roy Towle furnished labor, some of which was furnished prior to the recording of the $5,100 mortgage. He was therefore allowed a first lien upon the property which is not now contested. The other parties to the litigation furnished labor and materials after the $5,100 mortgage was recorded, but before any money had actually been advanced to Jones by the loan company. These lienholders contended that the mortgage of the loan company, so far as it was not

advanced to Jones before their liens attached, was subject to their liens, and further contended that, as the agreement between the plaintiff and the loan company was that the loan company's mortgage should be first, they should be subrogated to the rights of the loan company, making their liens prior to the lien of the plaintiff's mortgage. The trial court found that the defendant Roy Towle had the first lien; the loan company the second lien; the plaintiff, Creigh Sons & Company, the third lien; and the liens of all other parties were subject to these three liens. From this judgment, the subsequent lien holders have appealed.

The appellants contend that "the lien of a mortgage intended to secure future advances only, when the making of said advances are optional, does not attach until the moment advances are actually made, and cannot be enforced against other liens prior thereto of which mortgagee has actual notice." It seems that the loan company concedes this proposition, and contends that the making of said advances was not optional, but the consideration of the mortgage, and their contract with Jones, was to advance the money as the buildings progressed, to the full amount of the mortgage.

In *Hoagland v. Lowe*, 39 Neb. 397, the law is stated in a quotation from a former case, as follows: "'A person commencing to furnish material for, or commencing to labor on, an improvement on real estate must, at the time, take notice of the interest and title in the premises of the person with whom he contracted, as shown by the public records, as his lien for labor or material, aside from the improvement itself, attaches only to such interest.' *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb. 207." In the opinion there is a quotation from Phillips, Mechanics' Liens (2d ed.) sec. 225, p. 378: "The law imposes on mechanics, like other persons, the necessity to ascertain for themselves the nature of the interest in the land to be improved of the persons with whom they contract, and all negligence in this regard

is charged to their own account.  *  *  *  The rule of *caveat emptor* therefore applies against a mechanic as well as in the case of a vendee.  If a contractor proposes erecting buildings, furnishing materials, or putting labor on a lot of ground, it behooves him to examine and assure himself of the fact that the person with whom he contemplates making a contract, or for whose benefit he is about to employ his means or labor, has such an interest or title unincumbered as will enable him to avail himself of a valid or efficient lien.'' This statement of the law has been reaffirmed in many cases since, including *Boggs v. McEwen*, 69 Neb. 705, in which other cases are cited.  The case also is cited by other courts as correctly stating the law. *Anglo-American Savings & Loan Ass'n v. Campbell*, 13 D. C. App. 581, 43 L. R. A. 622.  The appellants cite, and appear to rely upon *Finlayson v. Crooks*, 47 Minn. 74, but the case is not in point. The court said; ''It is not necessary to consider any of the controverted questions of priority between a first mortgage, to secure future advances, and subsequent incumbrances.'' In that case the mortgage was given to secure advances for improvements on real estate, but the mortgagee, instead of advancing the money for that purpose, applied it upon another prior mortgage. The court therefore distinguished it from a case where the money was actually advanced to the owner of the property in accordance with the agreement in giving the mortgage.  It may be that it would be more equitable to require a mortgagee, who is to advance money to the mortgagor for improvements on real estate, to see to it that the materials and labor for such improvements are paid for out of the money so advanced.  If such a rule would be an improvement upon our law, the lawmakers, and not the courts, should make the change.  Until such change is made, we are required to abide by the rule that has so long been established and acted upon in this state.  The judgment of the district court is.

AFFIRMED.

LETTON, J., not sitting.